## FRANCIS VOSE *vs.* THOMAS DOLAN.

A. sold to B. by deed, "in consideration of          dollars," a lot of gravel according to specifications and profiles which had been made by a surveyor, and "being in quantity          ," and the parties agreed orally that the surveyor should ascertain the quantity and fill up the blanks in the deed. *Held,* that his doing so, although after the delivery of the deed and in A.'s absence, did not invalidate the deed.

TORT for the conversion of a lot of earth, gravel and stone. The case was referred by the superior court to an arbitrator, the material parts of whose report were as follows:

The parties agreed in writing on March 14, 1861, that the defendant should make certain streets and remove the earth and gravel in certain mounds or knolls on the plaintiff's estate; and

the defendant began the work, but had not finished removing all the earth and gravel on April 14, 1864. The plaintiff offered to prove that on that day the parties signed and sealed an instrument in duplicate, of which the following is all that is material :

" Memorandum of an agreement made this fourteenth day of April 1864, by and between Thomas Dolan and Francis Vose witnesseth, that on the fourteenth day of March 1861 the said parties entered into an agreement in writing in reference to making certain streets and excavating and removing certain mounds or knolls on an estate of said Vose in Dorchester, according to certain specifications therein set out, and certain profiles made by Alexander Wadsworth, and therein referred to, which said agreement may be referred to in connection with this memorandum; and whereas said agreement has not been fully performed by said Dolan, and much earth and gravel contemplated by the parties to said agreement to have been removed according to said specifications and profiles still remain on the premises aforesaid, the said Vose, in consideration of                    , paid by the said Dolan, hereby sells, transfers and conveys to the said Dolan all the remaining earth and gravel on said premises, which the parties under said agreement intended should be excavated and removed according to the aforesaid specifications and profiles, after completing and grading the streets named in said agreement as therein set forth, and being in quantity          . The said Dolan, in consideration of the said sale and transfer, hereby promises and agrees that he will faithfully and fully, and to the satisfaction of said Wadsworth, execute and complete all the filling, excavating and grading, contemplated and agreed by him to be performed in the aforesaid agreement, and in the manner therein specified, on or before the first day of August 1864, and will forfeit all right to all earth or gravel which shall remain on said premises on said first day of August 1864, and which ought to have been removed by him in the due and proper execution of said agreement."

The plaintiff further offered to prove that the defendant then made his two promissory notes, each for the sum of $500, and delivered them to the plaintiff, in part payment for the earth, gravel

and stone, and signed another note, and handed it to Wadsworth, who was a surveyor, a blank being left therein for the amount; that the quantity of earth, gravel and stone remaining had not then been ascertained; that it was agreed by the parties that Wadsworth should measure and ascertain the quantity, and should fill the blank in the note by inserting the total price of the earth, gravel and stone, at $1.25 per square, less the sum of $1000, the amount of the two notes of $500 each; that the said instrument of two parts was then executed by the parties, the one being taken by the defendant, and the other by Wadsworth; that blanks were left in each copy for the number of squares sold and the considerations; that these blanks were to be filled by Wadsworth, when he should ascertain the quantity; that Wadsworth did within a short time ascertain by measurement the quantity to be 1808 squares, and the price thereof to be $2260, and caused to be inserted in the note the words " twelve hundred and sixty " before the word " dollars," and in the copy of the instrument which he had retained, the words " eighteen hundred and eight squares," as the quantity sold, and the words " twenty-two hundred and sixty dollars," as the consideration for the sale; and that the blanks in the copy taken by the defendant have not been filled. To the admission of this evidence, and to the introduction in proof of the instrument and of the note, the defendant objected. But the objection was overruled. It appeared that the defendant had no notice of Wadsworth's intention to fill the blanks, or of how he intended to fill them.

The referee found " that, by the instrument aforesaid, the defendant was bound to remove the earth, gravel and stone, which he had purchased, by August 1, 1864; that he failed to remove 700 squares, through no default of the plaintiff; that he thereupon ceased to have any right of property in the 700 squares, and was a wrongdoer in afterwards removing and appropriating them to his use; that the 700 squares were of the value of $875; that the plaintiff was entitled to judgment for that sum, and interest, and his costs of court; but that if the court should be of opinion that the above evidence should not have been received, or that upon the evidence the instrument was not the deed

of the defendant, the plaintiff should take nothing by his writ, and the defendant should recover his costs of court."

The superior court ruled that the evidence was properly received, and that the instrument was the deed of the defendant, and ordered judgment to be entered for the plaintiff for the amount found by the referee. The defendant alleged exceptions.

*W. Colburn,* for the defendant.

*C. Allen,* for the plaintiff.

COLT, J. Upon the question submitted by the report of the referee, we are clearly of opinion that evidence of the means taken to ascertain the quantity of earth, gravel and stone which was to be removed under the contract of April 14, and of the subsequent filling of the blanks in the note and sealed instrument with the ascertained amounts, was properly received by him ; and that the instrument containing the terms of the contract was binding upon the defendant as his deed, notwithstanding the subsequent filling of the blanks. It was a completed, intelligible contract when it was executed. The existence of the blanks did not impair its validity. The quantity of earth sold was definitely indicated by reference to specifications and profiles, and it was not necessary to state the number of squares sold or the price to be paid for them. That was a matter of computation from data given. If the blanks had been left, the rights of the parties would have been the same as if filled before delivery. The alleged alteration of the instrument was therefore an immaterial alteration, in no way changing its terms or enlarging the defendant's liability under it. There is no pretence that it was fraudulently made ; on the contrary, the blanks were filled by the surveyor, in accordance with the agreement of the parties at the time the deed was executed.

It is now well settled that an immaterial alteration of a sealed instrument, not fraudulent, will not invalidate it, though made by the party claiming under it. *Brown* v. *Pinkham,* 18 Pick. 172. *Commonwealth* v. *Emigrant Industrial Savings Bank,* 98 Mass. 12. *Chessman* v. *Whittemore,* 23 Pick. 231. *Adams* v. *Frye,* 3 Met. 103. The case is not within those in which it is held that

blanks in a deed constituting a material part of the instrument itself cannot, in the absence of the maker, be filled by parol authority, because authority to make a deed must be given by deed. *Burns* v. *Lynde,* 6 Allen, 305. *Basford* v. *Pearson,* 9 Allen. 387. *Exceptions overruled.*