DANIEL M. ADAMS v. W. O. HILL & O. S. GEORGE.

1. CHATTEL MORTGAGE; *Description of Mortgaged Property.* A chattel mortgage for a horse owned and kept in the county where the mortgage is executed, which describes the horse as "One dark bay horse, fifteen hands high, heavy made, with black mane, tail and legs, (the closer to the hoofs, the blacker the legs;) star in the forehead on a level with the eyes, running upwards; stripe on the nose, extending to both lips; a little white streak on withers; and a little spot just behind the withers;" and which mortgage is in every other respect valid, and in due form and properly filed in the register's office, is not void for any uncertainty in the description of the horse.

2. ———— *Situation of Mortgaged Property.* It is not necessary that a chattel mortgage for a horse shall be made to show where the horse is situated at the time the mortgage is executed, provided the horse is otherwise sufficiently described.

*Error from Shawnee District Court.*

REPLEVIN brought by *Hill & George* to recover the possession of a horse. Plaintiffs claimed title to the horse by virtue of a chattel mortgage given to them by one Davis. *Adams* was in possession of the horse at the commencement of the suit, and claimed title thereto in virtue of an advancement made to Davis for which he held the horse as security. When the mortgage was given Davis was in possession, and the mortgage was duly filed and recorded in the office of register of deeds. Default being made in the condition of the mortgage, *Hill & George* demanded possession of the horse, which *Adams* refused. The case was tried at the December Term 1871 of the district court. The principal question was whether the mortgage sufficiently described the property, and designated its locality when mortgaged. Davis testified that while negotiating with *Adams* he "told *Adams* of the transaction with *Hill & George*, and pointed out to *Adams* the horse" mortgaged to plaintiffs. Verdict and judgment for plaintiffs, and *Adams* brings the case here on error.

*G. C. Clemens*, for plaintiff in error:

The mortgage relied upon is void for uncertainty of description. (See 1 Kas., 259, and cases there cited.) All the authorities on this question are collected in 2 Hilliard on Mortgages, pp. 332, 403; and in every case there cited, where the mortgage was sustained *as against third parties*, there was some hint or clue, by mention of locality or otherwise, in addition to the description enabling third parties and strangers to identify the property.

There is no evidence in the record (which contains all the evidence) showing the description of the horses in Adams' possession. There was nothing from which the jury could legitimately *infer* that the horse described in the mortgage corresponded in description with either of those in Adams' possession. There should have been evidence of hight, color, description of mane, tail, and legs, etc. For if the horse in Adams' possession was a very small horse, or if its mane, tail and legs were not black, then it was not the horse *described in the mortgage*, and plaintiffs could recover no other. These details of description are very important in proving identity. The rights of defendants in error must be determined by their mortgage, and the description therein must be presumed to be exactly correct, and no mistake can be supposed. Hence, if the evidence does not prove that the horse in Adams' possession corresponds with the description in the mortgage, in color, hight, and distinguishing marks, it is not the horse on which the mortgage is given.

*C. M. Foster*, and *A. H. Vance*, for defendants in error:

The mortgage given by Davis to the defendants in error described the horse in controversy with such minute particularity that there is no difficulty in identifying it. It is only necessary that a chattel mortgage shall describe the property with reasonable certainty. Between the parties any description is good, if the property intended to be conveyed can be

identified by parol. In this case there can be no pretense that the plaintiff in error was misled by the description, even if it were defective. The testimony shows that he had actual knowledge of the giving of the mortgage; that the mortgage was given to secure the purchase-money, and that the mortgage was duly recorded. Plaintiff in error had both actual and constructive notice of the existence of the mortgage of the rights of defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: Where a chattel mortgage for a horse owned and kept in the county where the mortgage is executed describes the horse as follows, to-wit: "One dark bay horse, fifteen hands high, heavy made, with black mane, tail and legs, (the closer to the hoofs the blacker the legs;) star in the forehead on a level with the eyes, and ranging upwards; stripe on the nose extending to both lips; a little white streak on the withers, and a little sunk just behind the withers;" and where the mortgage is in every other respect valid, and in due form, and properly filed in the register's office, the mortgage is not void for any uncertainty in the description of the horse. Nor is it necessary that a chattel mortgage for a horse shall be made to show where the horse is situated at the time the mortgage is executed provided the horse is otherwise sufficiently described.

We think the evidence brought to this court amply sustains the verdict of the jury. But there is another reason why we could not say that the verdict is against the evidence. The record does not show that all the evidence has been brought to this court.

The judgment of the district court is affirmed.

All the Justices concurring.