## JOHN P. KING v. C. AULTMAN & CO.

CHATTEL MORTGAGE; *Description of Property, Not Void.* C. and H. mortgaged a certain mare to A., describing her as follows: "One bay mare, one hind foot white, and white spot in face, branded G, 17 hands high, five years old," and being in the possession of the mortgagors, in Clay county, Kansas. This description was correct in every particular, except that the brand was J, (though very indistinct and scarcely discernible,) and the mare was not 17 hands high, and possibly only 15¾ hands high. So far as was shown, the erroneous part of said description did not apply to any other animal, nor did the correct part thereof apply to any other animal, and taking the whole description together, it did not apply to any other animal. *Held*, That, as the description applied to the mare in controversy in so many particulars, and not applying to any other animal, the description is not void, and although partially untrue, it does not render the mortgage void in any respect. ·

### Error from Clay District Court.

REPLEVIN brought by *Aultman & Co.* against *King*, for the recovery of a certain mare. Trial at the January Term, 1880, of the district court, and judgment for the plaintiffs. *King* brings the case here. The facts appear in the opinion.

*C. M. Kellogg*, for plaintiff in error.

*E. H. Wyatt*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action of replevin brought by C. Aultman & Co., against John P. King, for the recovery of a certain mare, described as follows: "One bay mare, one hind foot white, and white spot in face, branded

'G,' 17 hands high, 5 years old, formerly the property of John Hamerberg." John Hamerberg did, in fact, once own the property, and the plaintiffs now claim the property by virtue of a chattel mortgage given by Charles H. Camp and said John Hamerberg to them, and the defendant claims the property by virtue of a purchase of the same from said Hamerberg. The · chattel mortgage describes the property as follows: "One bay mare, one hind foot white, and white spot in face, branded 'G,' 17 hands high, five years old," and being in the possession of said mortgagors in Clay county, Kansas. It is agreed that these descriptions ʹof the mare are exact, except as to the brand and the height of the mare. The evidence concerning these matters is as follows: Said Charles H. Camp, a witness for the plaintiffs, testified: "That the animal in question was branded 'J,' was 16 or 17 hands high; that it was the sole property of John Hamerberg; that he (Camp) had no interest in it," etc. The defendant, for himself, then testified: "The animal is branded 'J,' and is 15¾ hands high." Mr. Underwood, a witness for the defendant, testified that the animal "is branded 'J,' and is 15¾ hands high." "The plaintiff in rebuttal proved by S. Langworthy, constable who sold the animal under the mortgage after the trial in the justice's court, that when he sold her he could see no brand upon her; it was a cold morning, and she had very long hair at the time. He was afterward shown this brand; could not tell what it was."

The court below instructed the jury as follows:

"In this case, the plaintiffs hold a chattel mortgage given by Hamerberg & Camp, which the evidence tends to show was intended to embrace a description of the mare in question. Mr. King claims to have bought the mare from Hamerberg for the sum of $125. This action is brought by the plaintiffs to recover the possession of the mare. The defense of Mr. King is, that there is not a proper description of the mare. Mr. King admits that a portion of the description in the mortgage would be applicable to the mare, but that the description is incorrect in regard to the brand on the mare, and in regard to the height. In regard to the color of the mare, white spot in the face, and one hind foot white,

the description is correct. Mr. King was bound to take notice of the chattel mortgage and contents; that is, he is presumed to have known at the time he purchased the mare, just what the chattel mortgage contained. Under these circumstances, and the other circumstances of the case, if you believe that the defendant, by examining the mortgage, would have known that the intention was to describe the mare in question, you must find for the plaintiffs; or if there was sufficient in the mortgage to cause the defendant King to make inquiries by which he might reasonably have discovered that the intention was to mortgage the mare in question, then you must find for the plaintiffs. It is not necessary that there should be a perfect description of the mare, but it must be such as would cause a person of ordinary prudence to make inquiries which would lead to a discovery of the fact that the mare was intended to be mortgaged. If there was such a defect in the description, or such a misdescription that a person examining the mortgage would not be put upon his inquiry when contemplating a purchase of the mare, you must find for the defendant, King. If you find a verdict in favor of the defendant, you must also find the value of the mare."

The jury found a general verdict in favor of the plaintiffs; the defendant then moved for a new trial, but the court overruled the motion, and rendered judgment in accordance with the verdict, in favor of the plaintiffs and against the defendant. The defendant now brings the case to this court for review.

The only question which counsel for the defendant, now plaintiff in error, presents to this court is, whether said mistakes in regard to the brand and the height of the mare are sufficient to invalidate the mortgage as between him, the defendant, a subsequent purchaser of the property who had no actual knowledge of the mortgage, and the plaintiffs, the mortgagees. Said counsel, however, assumes as established facts, that the mare was branded "J" instead of "G," and that the mare was only 15¾ hands high, and not 17 hands high. Now, under the evidence, this assumption of counsel is probably not wholly warranted. The brand was evidently very indistinct and scarcely discernible, though probably it

was "J;" and the mare was somewhere from $15\frac{3}{4}$ hands high up to 17 hands high; though probably she was about 16 hands high, or a little higher. But even if the brand was "J," without question, and even if the mare was only $15\frac{3}{4}$ hands high, still we do not think that the mortgage was void. She was the only mare that would come anywhere near answering the above description found in the mortgage. It would seem that neither Camp nor Hamerberg, nor both together, owned or possessed any other mare with a white spot in the face, or with one hind foot white, or that was only five years old; and even if this mare was not branded "G," and was not 17 hands high, still, neither they nor either of them had any mare branded "G," or that was 17 hands high. This mare, however, was nearer 17 hands high than any other mare which they were shown to possess, and it does not appear that they had any other mare which was branded at all. Really, the erroneous part of said description did not apply to any other animal, nor did the correct part apply to any other animal, and taking the whole description together, it did not apply to any other animal. There was really no room to be misled by said description, and the defendant was not misled by it. Although said description was partially erroneous, partially untrue, yet we do not think that it was void, or that it rendered the mortgage void in any respect. It applied to the mare in so many particulars, and not applying to any other animal, the defendant ought to have known that it was intended for the mare in controversy.

The judgment of the court below will be affirmed.

All the Justices concurring.