Tootle, Hanna & Co. v. Lyster.

---

Tootle, Hanna & Co. v. Henry O. Lyster, *et al.*

Chattel Mortgage, *Void for Uncertainty.* A chattel mortgage was executed February 17, 1880, by G., of Chautauqua county, Kansas, to T., of Kansas City, Missouri, and the mortgaged property is described in the mortgage as follows: "His [the mortgagor's] entire stock, consisting of dry goods, groceries, hats, caps, clothing, notions, furnishing goods, queensware, glassware, cutlery, fixtures and show-cases, woodenware,

stove." The mortgage also contains a clause which reads as follows: "This mortgage is given by the mortgagor and accepted by the mortgagee, subject to a certain prior mortgage on the same property, dated February 9, 1880, given by said G. to C., which mortgage is first to be paid and satisfied from the sale of said stock of goods above described." The mortgage executed by G. to C., on February 9, 1880, stated that the mortgaged property was in the possession of G., in Chautauqua county, Kansas; and the mortgage executed by G. to T., on February 17, 1880, stated that the property was in the possession of T., but did not state where the property was situated. The property, however, was in fact situated in Chautauqua county, Kansas, and was at the time in the possession of G., and was never in the possession of T. The first mortgage was filed for record in Chautauqua county, on February 10, 1880, and the second mortgage was filed for record in Chautauqua county, on February 17, 1880. The second mortgage did not show in what town, or city, or county, or state, the property was situated, whether in Kansas or in Missouri. It did not show where the mortgage was executed, whether in Kansas or in Missouri; and it did not truly state in whose possession the property was when the mortgage was executed. It did not state where the prior mortgage was executed, whether in Kansas or Missouri, or where it was recorded, or whether it was recorded at all, or not; and did not state where the mortgagees mentioned in the prior mortgage resided; nor did it state whether the mortgaged property remained at the same place where it was situated when it was first mortgaged, nor whether it was in the possession of the same person who held the possession when the first mortgage was executed. *Held,* That the second mortgage as against a third party claiming an interest in the mortgaged property, is void for uncertainty in the description of the mortgaged property; that in all cases where a chattel mortgage does not describe the property so that a third person, by its aid, together with the aid of such inquiries as the mortgage itself suggests, may identify the mortgaged property; and where the mortgagees have not taken possession of the mortgaged property, the mortgage will be held void as against third persons who have obtained some interest in the property without notice of the mortgagee's rights.

*Error from Chautauqua District Court.*

ACTION brought by *Thomas E. Tootle, T. K. Hanna, William Peak* and *J. A. Dayton,* partners as Tootle, Hanna & Co., against *Henry O. Lyster* and others.

"Plaintiffs allege that on the 17th day of February, 1880, the said defendant L. P. Getman was the owner of certain goods and chattels then being in a certain warehouse owned by said Getman, situate in the city of Sedan, in the aforesaid

county of Chautauqua, subject however to certain rights in a portion of said goods and chattels of the said defendants Dye Bros., Camenga & Anderson, M. Liebenberg, H. M. Waters, W. H. Downing, and Peter Greer, derived by said defendants by virtue of a certain chattel mortgage of said goods and chattels (except the portion hereinafter mentioned) made and executed to them by said defendant Getman, on the 9th day of February, 1880, and duly filed for record on the 10th day of February, 1880, in the office of the register of deeds of said Chautauqua county, a true copy of said chattel mortgage being hereunto annexed, marked 'Exhibit A,' and hereby made part of this petition; that said chattel mortgage made by said Getman to said Dye Bros., Camenga & Anderson, M. Liebenberg, H. M. Waters, W. H. Downing, and Peter Greer, was given to secure various items of indebtedness due and owing from said Getman to said mortgagees, amounting in the aggregate to the sum of twenty-four hundred and fifty-seven and $\frac{34}{100}$ dollars; that on the 17th day of February, 1880, said L. P. Getman was indebted to plaintiffs in the sum of ten hundred and seventy-two and $\frac{74}{100}$ dollars for goods, wares and merchandise before that time sold and delivered by said plaintiffs to said Getman; and which said amount was then due and owing from said Getman to said plaintiffs; and an itemized bill or account of said goods, wares and merchandise is hereto appended, marked 'Exhibit B,' and hereby made part of this petition; that on said 17th day of February, 1880, said L. P. Getman made, executed and delivered to plaintiffs, for the purpose of securing said indebtedness so due and owing to them as aforesaid, a certain chattel mortgage in writing, conveying to plaintiffs the goods and chattels aforesaid, subject to the rights of said defendants Dye Bros., Camenga & Anderson, M. Liebenberg, H. M. Waters, W. H. Downing, and Peter Greer, under and by virtue of said prior chattel mortgage to them made and delivered as aforesaid, on said 9th day of February, 1880, a true copy of which said chattel mortgage to plaintiffs is hereto appended, marked 'Exhibit C,' and hereby made part of this petition; that said chattel mortgage to plaintiffs was duly filed for record, in the office of the register of deeds of said Chautauqua county, on the said 17th day of February, 1880, at 10 o'clock P. M., and said plaintiffs thereby became possessed of the legal title to said goods and chattels mentioned in said chattel mortgage, and had right to the immediate possession thereof as against all persons whomsoever except as against said prior mortgagees or

their assigns, for the portion thereof mentioned and described in
the aforesaid prior mortgage; and said plaintiffs had thereby the
right to have the proceeds of the sale of said goods and chat-
tels applied in payment and satisfaction of said indebtedness
due and owing to them from said L. P. Getman, whenever said
indebtedness from him to said prior mortgagees should have
been first satisfied and paid; that a schedule or itemized ac-
count of the goods and chattels conveyed to plaintiffs by said
Getman by chattel mortgage aforesaid is hereto appended,
marked 'Exhibit D,' and hereby made a part of this petition;
that on the 18th day of February, 1880, said defendant, H.
O. Lyster, advised, aided and abetted by said defendants,
Wm. A. Wilson & Co., T. M. James & Sons, Ridenour,
Baker & Co., Kendall & Emery, and Gottlieb, Bischoff & Co.,
wrongfully took possession of said goods and chattels men-
tioned and described in said mortgage to plaintiffs and in said
'Exhibit D,' and contriving and intending to injure said plain-
tiffs, did afterward, to wit, on said February 18th, 1880,
wrongfully and unlawfully convert said goods and chattels to
the use and benefit of him, the said H. O. Lyster; that said
goods and chattels were, on said February 18th, 1880, of the
value as separately set forth in said 'Exhibit D,' and in all of
the value of three thousand one hundred and ninety-three
and $\frac{54}{100}$ dollars; that the goods and chattels mentioned and
described in said chattel mortgage to plaintiffs were subject
to the lien of said prior mortgage, except the furnishing
goods, glassware, fixtures, show cases, woodenware and stove,
which were not included within the description of said prior
mortgage; that between said 9th day of February, 1880, and
said 18th day of February, 1880, out of the proceeds of sale
of a portion of the goods mentioned and described in said chattel
mortgage to said Dye Bros. and others, as aforesaid, there was
paid and satisfied a certain portion of the said indebtedness
due and owing to said Dye Bros. and others named in said
prior chattel mortgage, the amount of which is unknown to
plaintiffs; that shortly after said H. O. Lyster took possession
of said goods and chattels aforesaid, and prior to the com-
mencement of this suit, plaintiffs demanded from him, under
and by virtue of the chattel mortgage made and delivered to
them as aforesaid, the possession of said goods and chattels
in their said chattel mortgage mentioned and described; but
he, the said Lyster, then and there, at the time of said de-
mand, and aided, advised and abetted by said Wm. A. Wilson
& Co., T. M. James & Sons, Ridenour, Baker & Co., Kendall

& Emery, and Gottlieb, Bischoff & Co., refused absolutely to surrender and deliver to said plaintiffs said goods and chattels, or any portion thereof.

"Wherefore, said plaintiffs demand judgment against said defendants, Henry O. Lyster, William A. Wilson and Wilson D. Motter, partners as aforesaid, T. M. James, J. C. James and L. T. James, partners as aforesaid, S. Ridenour, P. D. Ridenour and H. W. Baker, partners as aforesaid, William W. Kendall and Charles F. Emery, partners as aforesaid, and Joseph Gottlieb, B. Bischoff and Samuel Strauss, partners as aforesaid; that they are, and were on said 18th day of February, 1880, entitled to the immediate possession of said goods and chattels mentioned and described in said 'Exhibit D;' and that they have and recover of said defendants the aforesaid sum of ten hundred and seventy-two and $\frac{74}{100}$ dollars, with interest on the same at the rate of seven per cent. per annum from February 18, 1880, or so much thereof as may remain after deducting from the aforesaid value of said goods and chattels the amounts yet remaining due to said Dye Bros., Camenga & Anderson, M. Liebenberg, H. M. Waters, W. H. Downing, and Peter Greer, of the indebtedness from said L. P. Getman, to them secured by the aforesaid prior mortgage; that they also have judgment against said L. P. Getman for said sum of $1,072.74, and that they are, and were on said February 18, 1880, entitled to the immediate possession of the goods and chattels mentioned and described in said chattel mortgage from said Getman to plaintiffs. Also, that said Dye Bros., Camenga & Anderson, M. Liebenberg, H. M. Waters, W. H. Downing and Peter Greer be required to disclose how much has been paid upon the indebtedness secured by said prior chattel mortgage made to them as aforesaid; and that they have judgment against all the defendants for their costs herein, and such other and further relief as they may be entitled to."

The defendants *Lyster, Wm. A. Wilson & Co., T. M. James & Sons, Ridenour, Baker & Co., Kendall & Emery,* and *Gottlieb, Bischoff & Co.,* filed a general demurrer to the petition, which the district court, at the October Term, 1880, sustained, and rendered judgment against the plaintiffs for costs. The plaintiffs bring the case here. Other facts appear in the opinion.

*J. D. McCue,* and *C. J. Peckham,* for plaintiffs in error.

*M. B. Light,* and *Jno. C. Cannon,* for defendants in error.

38—26 KAS.

The opinion of the court was delivered by

VALENTINE, J.: It seems to be admitted by the parties that the only question involved in this case is, the validity or invalidity of a certain chattel mortgage. The mortgage reads as follows:

"Know all men by these presents, that I, L. P. Getman, of Sedan, Chautauqua county, Kansas, of the first part, am indebted to Tootle, Hanna & Co., of Kansas City, Missouri; of the second part, in the sum of one thousand seventy-two and $\frac{74}{100}$ dollars, to be paid as follows, this day below mentioned, on open account, and dated November the 26th, 1879, due in sixty days after date.

"Now, therefore, in consideration of such indebtedness, and to secure the payment of the same as aforesaid, said party of the first part does hereby sell, assign, transfer and set over to said party of the second part the property described in the following schedule, viz.: his entire stock, consisting of dry goods, groceries, hats, caps, clothing, notions, furnishing goods, queensware, glassware, cutlery, fixtures and show cases, woodenware, stove.

"This mortgage is given by the mortgagor, and accepted by the mortgagees, subject to a certain prior mortgage on the same property, dated February 9th, 1880, given by said L. P. Getman to Camenga & Anderson, Dye Bros., M. Liebenberg, Peter Greer, W. H. Downing, and H. M. Waters; which mortgage is first to be paid and satisfied from the sale of said stock of goods above described.

*Provided, however,* That if said debt and interest be paid as above specified, this sale and transfer shall be void. The property sold is to remain in possession of said party of the second part, until default be made in the payment of the debt and interest aforesaid, or some part thereof, but in case of a sale or disposal, or attempt to sell or dispose of the same, or a removal of, or attempt to remove the same, from where they are, or an unreasonable depreciation in the value, or if from any other cause the security shall become inadequate, the said party of the second part may take such property, or any part thereof, into their own possession. And upon taking said property into their possession, either in case of default, or as above provided, said party of the second part shall sell the same at public or private sale, and after satisfying the aforesaid debt and interest thereon, and all necessary and

reasonable costs, charges and expenses incurred, out of the proceeds of sale, they shall return the surplus to said party of the first part, or their legal representatives. And if from any cause said property shall fail to satisfy said debt and interest aforesaid, said party of the first part hereby agrees to pay the deficiency.

In witness whereof, the said party of the first part has hereunto set his hand, this 17th day of February, 1880.

L. P. GETMAN."

The defendants in error, who were defendants below, claim that this mortgage is void, for uncertainty in the description of the property intended to be mortgaged; while the plaintiffs in error, who were plaintiffs below, claim that the description of the property, as set forth in the mortgage, is sufficiently certain, and that the mortgage is valid. The court below held that the mortgage is void, and for that reason rendered its decision and judgment against the plaintiffs, who now seek to have such decision and judgment reversed.

There are a few other facts not shown by the chattel mortgage, which are necessary to be known to enable us to come to a correct determination of this question. These facts must be gleaned from the plaintiffs' petition; and as the plaintiffs' petition was demurred to in the court below, and as the demurrer was sustained, all the facts stated in the petition must be taken as true for the purposes of this case.

At the time that Getman executed the mortgage to Dye and others (which was the first mortgage), the mortgaged property was in the possession of Getman, in a certain warehouse owned by Getman, in the town of Sedan, Chautauqua county, Kansas. The mortgage described the property as being "the stock of merchandise, consisting of dry goods, groceries, queensware, clothing and notions, cutlery, hats and caps, now situate and being in the two-story frame business house now occupied and in possession of said party of the first part (Getman), in the town of Sedan, in Chautauqua county, Kansas." This mortgage was executed February 9, 1880, and was filed for record in the office of the register of deeds of Chautauqua county, Kansas, on February 10, 1880. The present mort-

gage, the one now in controversy, was executed February 17, 1880, and was filed for record with the register of deeds of Chautauqua county on the same day.   Whether the mortgaged property still remained, at the time of executing this last mortgage, in the possession of Getman, and in Chautauqua county, is hardly shown; but probably it did.   The mortgage to the plaintiffs however says, by unavoidable implication if not directly, that at that time it was in the possession of the mortgagees, the present plaintiffs.   There is nothing in the petition, or elsewhere, showing where the mortgagees mentioned in the first mortgage resided, or where they did business — and from the record of this case we can hardly form an opinion concerning the same; in fact, however, and outside of the record, we suppose they resided and did business in Kansas City, Missouri.   The mortgagees mentioned in the second mortgage (the mortgage now in controversy) resided at Kansas City, while Getman resided in Chautauqua county.   The demurring defendants in this case were not parties to either of these mortgages, and there is no allegation in the plaintiffs' petition, or elsewhere, that they in fact had any knowledge of either mortgage.   Under such circumstances, we think we must hold that, as between the demurring defendants, who were third parties, having no knowledge in fact of the mortgaged property, and the mortgagees, the second

*Chattel mortgage, void for uncertainty.* mortgage is void; and that it is void because of an insufficient description of the mortgaged property.   It is true that, as between the original parties to a chattel mortgage, who know what property is intended to be mortgaged, almost any description of the property is sufficient. It is also true that, as between the mortgagees and third persons, who in fact know what property intended was to be mortgaged, a very indefinite description will also be sufficient. This was the case in the case of *Adams v. Hill,* 10 Kas. 627; although in that case the description was probably sufficient, even if Adams, the third person, had not known what property was in fact mortgaged.   It is also true that, as between the mortgagees and third persons, where the mortgagees, with

the consent of the mortgagors, have obtained possession of the mortgaged property before such third persons obtained any interest therein, a very indefinite and uncertain description will be held to be sufficient. This was the case in the case of *The Savings Bank v. Sargent,* 20 Kas. 576; and even where a mortgage would be held to be void for other reasons than an indefinite description, the mortgage may sometimes be held valid as between the mortgagees and third persons, where the mortgagees have obtained possession of the property before the third persons obtained any interest therein. (*Dayton v. Savings Bank,* 23 Kas. 421.) And in all cases where the description is such that third persons, by its aid, together with the aid of such inquiries as the mortgage itself suggests, may identify the property, the description will be held to be sufficient. (*Brown v. Holmes,* 13 Kas. 482; *Shaffer v. Pickrell,* 22 Kas. 619; *King v. Aultman,* 24 Kas. 246.) But in all cases where the mortgage does not describe the property so that a third person, by its aid, together with the aid of such inquiries as the mortgage itself suggests, may identify the mortgaged property, and where the mortgagees have not taken possession of the mortgaged property, the mortgage will be held void as against third persons who have obtained some interest in the property without notice of the mortgagees' rights; and this because of the insufficiency of the description of the mortgaged property. (*Golden v. Cockrill,* 1 Kas. 259.) In the last case cited it is held that —

"The description of property in a chattel mortgage, to be good, should contain either some hint which would have directed the attention of those reading it to some source of information beyond the words of the parties to it, or something which will enable third persons to identify the property, aided by inquiries which the mortgage indicates and directs, or a description which distinguishes the property from other similar articles."

And the case further holds that a description in the words following: "One hundred and twenty-four head of mules, now in the territory of Kansas," and "one pair of clay-bank horses," is not sufficient. See also *Savings Bank v. Sargent,*

20 Kas. 576, 580, which holds substantially the same way. The present case we think does not come within any of the decisions holding that the description is sufficient, but comes within the decisions holding that the description is not sufficient. The mortgage now in controversy does not show where the property was situated when the mortgage was executed; it does not show in what town, or city, or county, or state, the property was situated, whether in Kansas or in Missouri; it does not show where the mortgage was executed, whether in Kansas or in Missouri; and it does not truly state in whose possession the property was when the mortgage was executed. It states, as we construe it, that the property was in the possession of the mortgagees, which was not true in fact; and states that they resided in Kansas City, Missouri, which was true. But the mortgage was recorded at Sedan, in Chautauqua county, Kansas, and not in Kansas City, Missouri. The mortgage also states that the property had been previously mortgaged; but it does not state where the prior mortgage was executed, whether in Kansas or Missouri, or where it was recorded, or whether it was recorded at all, or not. And it does not state where the mortgagees mentioned in the prior mortgage resided; nor does it state whether the mortgaged property remained at the place where it was situated when it was first mortgaged, nor whether it was in the possession of the same persons who held the possession of it when the first mortgage was executed; but the inference must be—if any inference is to be drawn from the language of the mortgage now in controversy—that both the situation and the possession of the property had changed since the first mortgage was executed and before the second was executed. At the time the second mortgage was executed, according to the language of the second mortgage the property was in the possession of the mortgagees mentioned in the second mortgage, who resided at Kansas City, Missouri; but it could hardly be supposed that the property was in their possession at the time the first mortgage was executed, as Getman, the mortgagor, resided in Chautauqua county, Kansas. The description in

the second mortgage is therefore vague, uncertain and mis-leading. It is certainly misleading as to persons not having any actual knowledge of what property was intended to be mortgaged. And the description is not only vague and un-certain, but it is untrue. The property was in fact never in the possession of the persons in whose possession the mort-gage states that it was.

Therefore, taking all the circumstances of the case together, we must hold that the description of the mortgaged property is not sufficient; and therefore, as between the present parties, the mortgage is void.

The judgment of the court below will be affirmed.

All the Justices concurring.