CHARLES G. SCRAFFORD *et al.* v. I. M. GIBBONS.

1. CHATTEL MORTGAGE—*Sufficient Description.* In a chattel mortgage the property in controversy was described as forty milch cows and the increase, or calves, of said cows; one gray horse, about ten years old; one bay horse, about ten years old; one sorrel pony, about four years old; and one mule, about twelve years old; and the mortgage provided that the property should remain in the possession of the mortgagor until default in the payment; and further provided that the property was not to be moved from Nemaha county; and the evidence showed that the property in question was levied upon in Nemaha county, as the property of the mortgagor. *Held,* That the description is sufficient, under the circumstances of the case, and that the mortgage was not void for uncertainty in the description of the property.

2. ——— *Mortgage as Evidence.* A chattel mortgage is competent evidence to show the special ownership in property, notwithstanding the fact that it does not correspond with the date of the note referred to in the mortgage, when the evidence shows they were executed at the same time.

3. INSTRUCTIONS — *No Error.* The special instructions requested by the defendant and general instructions given, examined, and *held,* that no error was committed by the trial court.

## Error from Nemaha District Court.

REPLEVIN. Judgment for plaintiff *Gibbons,* at the September term, 1887. The defendants, *Scrafford* and others, bring the case to this court. The material facts are stated in the opinion.

*Wells & Wells,* and *W. C. Webb,* for plaintiffs in error.

*Hayden & Hayden,* and *W. D. Webb,* for defendant in error.

Opinion by GREEN, C.: This is an action in replevin by the plaintiff below, to recover possession of twenty-five head of cows, one sorrel pony, one large brown mule, one gray horse, and one bay horse, alleged to be worth, in the aggregate, $930. The plaintiff in the court below claimed possession of the property by virtue of a special ownership, under a chattel mortgage executed by one William Speedy, on the 2d day of February, 1887, and filed in the register of deeds' office on the 3d day of February of the same year. The property in question was levied upon by the sheriff of Nemaha county, under an execution issued out of a justice's court of said county, on a judgment against William Speedy and in favor of Sarah C. Coffman, and by her assigned to the plaintiffs in error. The execution was issued on the 25th day of February, 1887, and on March 1st following, the sheriff levied upon the property in controversy in this action as the property of William Speedy. The return of the sheriff shows that the property was found and seized by the sheriff while in possession of Speedy, in Harrison township, and was taken by him to the city of Seneca, in another township, and sold on the 16th day of March, 1887, for the sum of $512.45. The action was commenced against M. B. Lohmuller, the sheriff, but the plaintiffs in error were substituted for him, and the action proceeded against them. The trial in the court

below resulted in a verdict and judgment for the plaintiff, Mrs. Gibbons, for the sum of $949.71. A motion for a new trial was made by the defendants below, which was overruled and excepted to; and the plaintiffs in error now seek a reversal of the judgment, upon a number of grounds, but the principal one relied upon is the admission in evidence of the chattel mortgage, under which the plaintiff below claimed the property in question. The property in controversy is described in the mortgage as "forty milch cows and the increase, or calves, of said cows; one gray horse, about ten years old; one bay horse, about ten years old; one sorrel pony, about four years old; and one mule, about twelve years old." The mortgage provided that the property should remain in possession of Speedy until default be made in the payment of the debt and interest, or some part thereof, and that said property was not to be removed from Nemaha county. The residence of the parties is not given in the mortgage.

I. This mortgage is challenged upon a number of grounds, but the principal one relied upon is, that the description of the property intended to be pledged was so generally indefinite and uncertain that the instrument, when recorded, did not impart notice to the world. This court has upheld some very imperfect descriptions in chattel mortgages, and we readily see the justness of the rule, as it is almost impossible to set out in the instrument each and all the articles which may be embraced in it, with such precision that anyone, by an examination of the mortgage, without the aid of other evidence, could identify the property; hence the rule adopted and supported by a long array of authorities is, if a description will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, it is sufficient. (Jones, Ch. Mort., § 54; *Mills v. Lumber Co.*, 26 Kas. 576.) Can this description be upheld under this rule? In the case of *Mills v. Lumber Co.*, supra, this court says:

"We think, under the circumstances of the case, the description of the property in the chattel mortgage is sufficient. Of course the description in the mortgage is not sufficient to

enable a third person without the aid of other facts than those contained in the mortgage to identify the horse; but that is not necessary. A description which will enable a third person, aided by inquiries, which the instrument itself sug-, gests, to identify the property, is sufficient. Indeed, personal property can seldom be described in any instrument so as to enable a stranger to select it from other property of like kind without the aid of other facts than those mentioned in the instrument itself. . . . Resort must be had in nearly all cases to other evidence than that furnished by the mortgage itself, to enable third persons to identify mortgaged property. . . . In the present case the defendant Mills was bound to take notice of the mortgage, for it was properly recorded. He was bound to know that a bay horse, six years old in 1878, owned by and in possession of John G. Raner, was mortgaged. We think he was bound to know from the mortgage itself, that the property was situated in McPherson county, November 2, 1878, when the mortgage was executed. . . . And he knew when he attached this property, that he attached it in McPherson county and as the property of Raner, and that it was mortgaged. Under such circumstances, we think as between the mortgagee, the Kansas Lumber Company, and the defendant Mills, we must hold that the description was and is sufficient."

On page 578, the court says that the mortgage "shows by inference, that all the property was situated in McPherson county, for if it had not been in McPherson county it could not have been removed therefrom." Again, "when the defendant attached the property, he attached the same in McPherson county, as the property of said John G. Raner, and was then told by a son of Raner that he got him [the horse] from John G. Raner, subject to the mortgage."

In this case, the mortgage provides that the property shall remain in the possession of Speedy; that it should not be removed from Nemaha county. The record is silent as to whether Speedy had any property other than that described in the chattel mortgage. The evidence in the case shows that the property in question was levied upon as the property of William Speedy; that it was found in his possession; and that one of the plaintiffs in error knew at the time that the sheriff levied upon the property that the plaintiff below held a chattel

mortgage upon the same.   While we regard the description as imperfect and not as full as it should be, we are inclined to hold the description as sufficient, under the numerous authorities and decisions of this court.   (*Adams v. Hill,* 10 Kas. 627; *Brown v. Holmes,* 13 id. 482; *Shaffer v. Pickrell,* 22 id. 619; *King v. Aultman,* 24 id. 246 ; *Mill v. Lumber Co.,* supra; *Muse v. Lehman,* 30 id. 514; *Griffiths v. Wheeler,* 31 id. 17; *Schmidt v. Bender,* 39 id. 437.)

II.  A further objection is made to the introduction of the mortgage, because the date of the mortgage did not correspond with the date of the note, to secure the payment of which the mortgage was given.   We do not think this objection is good, for the reason that the chattel mortgage might have been given for any other purpose; and simply because the date of the note and the date of the mortgage did not correspond, if the mortgage is otherwise valid, would not be sufficient ground for excluding the mortgage as evidence.

III.  A further objection is made, that the court erred in refusing certain instructions, and giving certain instructions which were objected to.   We have examined the instructions which were requested, and find that the court instructed the jury fully, as we think, upon the same matters as embodied in the instructions asked by the defendant below; and we do not find, upon an examination of the instructions which the court did give, anything which was calculated to mislead the jury, or any imperfect statement of the case at issue.

We find no errors apparent of record in this case, and therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.