### STILES *et al.* v. CITY STATE BANK.

No. 6848.    Opinion Filed March 21, 1916.

(156 Pac. 622.)

1. **CHATTEL MORTGAGES—Validity—Description of Property.** In a chattel mortgage the property, excluding the description added, was described as "three new Michigan automobiles, forty horse power, No. ——." The mortgage provided that the property should not be moved from Oklahoma county, and the property was replevied in Oklahoma county, as the property of the mortgagor. **Held,** that the description is sufficient under the circumstances, and the mortgage was not void for uncertainty in the description of the property.

2. **ALTERATION OF INSTRUMENTS — "Material Alteration."** Where a mortgagor agrees to furnish the mortgagee's agent the numbers of the automobiles mortgaged and fails and refuses to comply with his agreement, and the mortgage was not void for uncertainty in the description of the property, and the mortgagee adds the words "Money being advanced for the purchase price of these machines," **held,** that such words merely added to the description of the identical property and did not change the legal effect of the instrument, nor operate to perfect an instrument otherwise invalid, and was not a material alteration.

(Syllabus by Clay, C.)

*Error from Superior Court, Oklahoma County;*
*Edward Dewes Oldfield, Judge.*

Action by the City State Bank against George Stiles and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*Ames, Chambers, Lowe & Richardson,* for plaintiffs in error.

*Bernstein & Spiers* and *Wilson, Tomerlin & Buckholts,* for defendant in error.

Opinion by CLAY, C.   For convenience the parties hereto will be designated "plaintiff" and "defendants" as in the trial court.  The plaintiff, City State Bank, brought a replevin action in the superior court of Oklahoma county for possession of one Michigan automobile, 40 horse power, model R., claiming a special ownership by virtue of a chattel mortgage given by George Stiles, one of the defendants, in which the property mortgaged was described as "three new Michigan automobiles forty horse power, money being advanced for the purchase price of these machines."   Defendants gave redelivery bond, and the cause was tried to a jury, resulting in a verdict for plaintiff for the value of the property in the sum of $1,000 in the event return could not be had.   Judgment was rendered on this verdict, and the defendants bring the case to this court for review.

1.   Plaintiff's evidence shows that all that portion of the description of the mortgaged property which reads, "money being advanced for the purchase price of these machines," was added by Mr. Caldwell, president of the plaintiff bank, some two or three weeks after the note and mortgage were executed.

Under this state of facts, the defendants submit:

"This leaves but one question for this court to solve, and that is whether or not the sentence in the mortgage which was inserted by Mr. Caldwell, as president of the bank, was an alteration."

The general rule is that any alteration which could operate to perfect an instrument otherwise invalid is a material alteration and avoids the instrument. The question, then, is whether or not the instrument, excluding the sentence added by Mr. Caldwell, was a valid or void instrument.

Excluding this sentence, the mortgage contains this description, "Three new Michigan automobiles forty horse power," and locates the property in Oklahoma county, and further provides against removal. Usually such description in a chattel mortgage of property as will enable a third person, aided by such inquiries as the instrument suggests, to identify it, will be sufficient. As between the parties, it is only necessary to so identify the chattels that the mortgagee may, with reasonable certainty, say what is subject to his lien. 6 Cyc. 1022, 1023; *Watts v. First Nat'l Bk.,* 8 Okla. 645, 58 Pac. 782; *Scrafford et al. v. Gibbons,* 44 Kan. 533, 24 Pac. 968.

In the last-mentioned case, the court says:

"This mortgage is challenged upon a number of grounds, but the principal one relied upon is that the description of the property intended to be pledged was so generally indefinite and uncertain that the instrument, when recorded, did not impart notice to the world. This court has upheld some very imperfect descriptions in chattel mortgages, and we readily see the justness of the rule, as it is almost impossible to set out in the instrument each and all the articles which may be embraced in it with such precision that any one, by an examination of the mortgage, without the aid of other evidence, could identify the property. Hence the rule adopted and supported by a long array of authorities is: If a description will enable third persons, aided by inquiries which the instrument itself suggests, to identify the property, it is sufficient."

Jones, Chat. Mtgs. sec. 54; *Mills v. Lumber Co.*, 26 Kan. 576.

In the case of *Mills v. Lumber Company, supra,* the court says:

"We think, under the circumstances of the case, the description of the property in the chattel mortgage is sufficient. Of course, the description in mortgage is not sufficient to enable a third person, without the aid of other facts than those contained in the mortgage, to identify the horse; but that is not necessary. A description which will enable a third person, aided by inquiries which the instrument itself suggests, to identify the property, is sufficient. Indeed, personal property can seldom be so described in any instrument as to enable a stranger to select it from other property of like kind, without the aid of other facts than those mentioned in the instrument itself. * * * Resort must be had in nearly all cases to other evidence than that furnished by the mortgage itself, to enable third persons to identify mortgaged property. * * * In the present case, the defendant Mills was bound to take notice of the mortgage, for it had been properly recorded. He was bound to know that a bay horse, six years old in 1878, owned by and in possession of John G. Raner, was mortgaged. We think he was bound to know from the mortgage itself that the property was situate in McPherson county * * * when the mortgage was executed. * * * And he knew when he attached this property that he attached it in McPherson county, and as the property of Raner, and that it was mortgaged. Under such circumstances, we think, as between the mortgagee, the Kansas Lumber Company, and the defendant Mills, we must hold that the description was and is sufficient.

"In this case *(Scrafford et al. v. Gibbons, supra),* the mortgage provides that the property shall remain in the possession of Speedy; that it should not be removed from Nemaha county. The record is silent as to whether Speedy had any property other than that described in the chattel

mortgage. The evidence in the case shows that the property in question was levied upon as the property of William Speedy; that it was found in his possession; and that one of the plaintiffs in error knew at the time that the sheriff levied upon the property that the plaintiff below held a chattel mortgage upon the same. While we regard the description as imperfect, and not as full as it should be, we are inclined to hold the description as sufficient, under the numerous authorities and decisions of this court. *Adams v. Hill*, 10 Kan. 627; *King v. Aultman*, 24 Kan. 246; *Mills v. Lumber Co., supra; Muse v. Lehman*, 30 Kan. 514, 1 Pac. 804; *Griffiths v. Wheeler*, 31 Kan. 17, 2 Pac. 842; *Schmidt v. Bender*, 39 Kan. 437, 18 Pac. 491."

The description of the property in the above-quoted case reads as follows:

"Forty milk cows, and the increase or calves of said cows; one gray horse, about ten years old; one bay horse, about ten years old; one sorrel pony, about four years old; one mule, about twelve years old."

We are of opinion that the description of the property in this case, aided by the suggestion which the mortgage indicated, was sufficient to put a third person upon inquiry, excluding the sentence inserted.

2. Then, did the insertion of the sentence complained of amount to a material alteration of the mortgage? The general rule appears to be:

"Where the change supplies nothing which would not be intended by law without it, neither changing the legal effect of the instrument, nor operating to perfect an instrument. which would be otherwise invalid—as by merely adding to the description of the identical property—it is not considered material." (2 Cyc. 203; Jones on Mtgs. [7th Ed.] sec. 95; 2 C. J. 1205; *Benton v. Clemmons*, 157 Ala. 658, 47 South. 582.)

In the last-mentioned case it is held:

"Where a chattel mortgage contains a general description of the property covered by it, it is not a material alteration to insert a more particular description of the property; and neither the chattel mortgagor nor his privies can object to such alteration, merely because it makes available additional testimony on the contest of identity of the mortgaged property. *Vose v. Dolan,* 108 Mass. 155 [11 Am. Rep. 331]; *Rowley v. Jewett* [56 Iowa, 492], 9 N. W. 353; [*Churchill v. Bielstein,* 9 Tex. Civ. App. 445], 29 S. W. 392, 1 R. C. L. sec. 16."

The testimony in this case shows that George Stiles, the defendant, agreed to furnish the number of the cars to Mr. Caldwell, the president of the bank, that he neglected and refused to do so, and from the foregoing rules and authorities we are of the opinion that the insertion of the sentence about which complaint is made merely had the effect of adding to the description of the property mortgaged, and that the mortgage itself was valid without such inserted description. The defendant ought not to be allowed to take advantage of the act of the' plaintiff in making the description more complete when he had agreed to furnish the information necessary to complete the imperfect description, and failed and refused to comply with his agreement.

For the reasons above stated, we recommend that the judgment of the lower court be affirmed.

By the Court: It is so ordered.