## HARKEY v. JONES.

Decided January 24, 1891.

*Chattel mortgage—Sufficiency of description.*

> A mortgage of a "brindle cow about three years old" is sufficient, although
> the mortgagor has two cows answering to such description.

APPEAL from *Perry* Circuit Court.

JAMES B. WOOD, Judge.

*J. F. Sellers* for appellant.

HUGHES, J.   The controversy in this case is over the
sufficiency of the description of property conveyed by a
mortgage to appellant, and which appellee afterwards pur-
chased from the mortgagor, one Clark, the attention of the
appellee having at the time of the purchase been called to
the fact that the property was mortgaged.   The description
of the property in the mortgage was "a brindle cow about
3 years old and her increase."

Appellant was plaintiff below, and his action was replevin
for the possession of the property.   Over the objection of
appellant, the court instructed the jury in effect that if they
believed from the evidence that Clark, the mortgagor,
owned two cows at the time of the execution of the mort-
gage, both of which would suit the description of the cow

described in the mortgage, they should find for the defendant; to which the appellant accepted.

The appellant asked the court to instruct the jury in effect that if the mortgage was recorded and the appellee knew at the time he bought the cow that she was mortgaged to appellant, appellant was entitled to recover, although Clark, the mortgagor, at the time, had another cow substantially of the same description. This the court refused, to which the appellant excepted. After motion for new trial was overruled, appellant brought the case here by appeal.

The description in the mortgage, though general, was sufficient to put a party intending to purchase it on inquiry, and the appellee purchasing from the mortgagor was bound to ascertain whether the property he bought was the same covered by the mortgage. *Johnson* v. *Grissard*, 51 Ark., 410; *Lightle* v. *Castleman*, 52 Ark., 278. — *Sufficiency of description in mortgage.*

There was error in the instruction given by the court to the jury, and in the court's refusal to give the instruction which the appellant asked it to give.

The judgment is reversed, and the cause remanded for a new trial.