## Franz J. Weber v. Albert Zacharias et al.

1. STATUTE OF LIMITATIONS—*When it Begins to Run as Between Partners.*—The statute of limitations does not begin to run against a right by one partner to sue another for an accounting until the partnership affairs have been entirely closed.

2. EQUITY—*Party Seeking Equity Must Do Equity.*—The partner of a judgment debtor who keeps in his hands money belonging to the execution creditors must pay interest thereon when he seeks relief in a court of equity.

**Bill for an Accounting.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded with directions. Opinion filed January 30, 1903.

Appellant filed in the Circuit Court his bill for an ascertainment of the state of and right to the assets of the partnership once existing between him and appellee, Albert Zacharias.

The bill having been answered the cause was heard upon the following stipulation of facts:

" It is stipulated by the parties to this suit that this cause be tried upon the facts hereinafter stated, and upon none others, and that not only upon hearing of this cause in the Circuit Court, but also in the Appellate and Supreme Courts the following, and the following only, shall be taken as and for the facts of the case:

I. On November 5, 1891, Franz J. Weber and Albert Zacharias entered into a partnership in the saloon business, without any written articles of copartnership, but Weber paid Zacharias $1,000 as a purchase price of a half interest in said saloon business and all assets thereof, and received from Zacharias a bill of sale for said half interest, dated · November 5, 1891, and in the usual form.

II. After his entry into partnership, Weber ascertained that Zacharias was indebted to a number of persons, including Metzger, Crocker and Rindskopf, and that the creditors were clamoring for the amounts due them, and made demands upon Zacharias and Weber for the payment thereof.

III. The stock, fixtures, etc., of the business were subject to a chattel mortgage of $850 to the Northwestern

Brewing Co., mortgagee, executed and acknowledged by Zacharias, and recorded, of which mortgage Weber was informed prior to his purchase of his half interest.

IV.   On November 16, 1891, Zacharias executed and delivered to Weber a second bill of sale of his remaining half interest in the business, for the expressed consideration of $2,000; but that in the proceedings hereinafter mentioned it has been judicially determined that there was no consideration for said transfer, but that the same was made by Zacharias for the purpose of hindering and delaying Zacharias' creditors, and that the transfer was fraudulent and void at law.

V.   On November 21, 1891, judgments were rendered against Zacharias, in favor of Samuel Rindskopf in Circuit Court, $694.50 and costs; in favor of Wilford D. Crocker in Superior Court, $250 and costs; in favor of Charles H. Metzger in Superior Court, $138.02 and costs; and executions issued thereon and were delivered to the then sheriff of Cook county, who, by his deputy, levied the same upon the partnership interest of Zacharias in fixtures, stock, etc., of said copartnership, on the same day.

VI.   On November 24, 1891, Weber sued a writ of replevin out of Circuit Court, against sheriff, and thereby secured possession of all the property of the partnership; the replevin suit was non-suited by Weber.

VII.   On November 27, 1891, Weber sold all assets of said business, including fixtures and stock, to one Rack, for $2,800, and that by request of the purchaser Zacharias joined in the bill of sale; out of the proceeds of sale Weber paid the mortgage, rent and other partnership debts, leaving in his hands, as the net proceeds of said sale, $1,383, which sum was deposited with August Lenzen as security to indemnify him from liability as surety on the replevin bond given in said replevin suit.

VIII.   A writ of retorno habendo was ordered issued in the replevin suit when the non-suit was entered; afterward the coroner brought suit upon the replevin bond given to him in the replevin suit, against Weber, the principal thereon, and August Lenzen and Martin Bock, securities thereon; that said suit was prosecuted and defended on both sides as diligently as the state of the calendars of the court would permit and was tried December 9, 1896, and resulted in a verdict of debt, $3,000, and damages one cent. The verdict was set aside and a new trial granted. On November 30, 1898, the case was tried again, but by the

court, without a jury, and judgment was rendered for $3,000 debt, and $1,383 damages, debt to be discharged on payment of damages and costs; from this judgment Weber and his sureties appealed to the Appellate and Supreme Courts, in each of which the judgment was affirmed.

IX. On December 2, 1898, at the term at which judgment was rendered in the Circuit Court, the order recited in the bill of complaint and found on Abst., p. 4, Rec., p. 26, *ante*, was entered by the Circuit Court in said suit on said replevin bond.

X. On January 2, 1901, a certified copy of the order of affirmance of the Supreme Court was filed in the Appellate Court, and a certified copy of the latter court's order of affirmation was filed in the Circuit Court in said action of debt and thereupon an execution issued out of said Circuit Court to E. J. Magerstadt, sheriff of Cook county, against Weber and his sureties for $3,000 debt and $1,383 damages, and costs; that the interest due thereon is $151.35, and that the Supreme, Appellate and Circuit Court costs in said cause amount to $30.90; and that the amount, therefore, due upon the said judgment, including interest and costs to date, is $1,565.25; that said execution is now in the hands of Henry Spears, a deputy of Sheriff Magerstadt, and is about to be enforced by levy upon the real and personal estate of Weber and his sureties. But complainant does not admit that the defendants are entitled to interest.

XI. A reference of this cause to a master to state an account is waived by all parties, and it is agreed that this suit be determined as though upon a reference and accounting it had been determined; that at the date of the levy of the execution aforesaid, and at the date of sale of the partnership assets, the interests of Weber and Zacharias in the partnership were equal, and that each of them, except for the sale and levy, would have been entitled to one-half of the property or one-half of the proceeds thereof.

XII. It is intended hereby to state an account between the said former copartners, in order to avoid the expense and delay necessitated by having an account stated by a master.

XIII. After November 27, 1891, the date of the sale to Rack, the partnership did no further business, nor did Weber and Zacharias transact any further business together; no suit for a dissolution of the partnership was brought by either party, after its formation, nor after the sale, until this bill was filed January 2, 1899; nor was any suit in equity or action of any sort brought against the sheriff or

coroner or the judgment creditors aforesaid, for any relief, either legal or equitable, after the levy of the execution on November 16, 1891, except the replevin suit, until the filing of this bill."

At the hearing appellees insisted that the bill could not be maintained, urging that more than five years had elapsed since the termination of said partnership and the winding up of all its business by a sale, and conversion into money, of all its assets, which sale and conversion was had more than five years prior to the filing of the bill in this case.

J. HENRY KRAFT, attorney for appellant.

EDGAR BRONSON TOLMAN and SUMNER C. PALMER, attorneys for appellees.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

Counsel for appellee say that the bill filed herein is primarily a bill for a partnership accounting and dissolution and that the relief prayed for against the judgment creditors and sheriff is absolutely dependent upon the establishment of the right to the relief prayed for against Zacharias. We fail to see why it was necessary that Zacharias be made a party to appellant's bill. Under the stipulated facts it is apparent that the sum in appellant's hands is not sufficient to discharge the claim of the judgment creditors who are parties to the bill. There can be no residuum left for Zacharias. Moreover, Zacharias, if he had no creditors, could not establish a claim to the assets in appellant's hands, or any portion thereof. Zacharias, for the purpose of defrauding his creditors, made a bill of sale to Weber of all his interest in the partnership assets. Having so done he can not, as against Weber, for his own benefit, set up his own fraud and compel Weber to give him one-half or any proceeds of the sale of such partnership assets. Appellant has doubtless been badly advised and has persisted in insisting that the bill of sale made to him by Zacharias was *bona fide* and upon a good and valid consideration, until the judg-

ment of the highest court in the state has been rendered against him on this matter.

His persistence in this may have been induced by the stipulated fact that on the first trial in the Circuit Court, upon the question of whether there was a *bona fide* sale to him for a valuable consideration, the verdict of the jury was in his favor; that being set aside and a new trial granted, the Circuit Court, jury having been waived, found that there was no consideration for the bill of sale made to him, but that the same was made by Zacharias for the purpose of hindering and delaying his creditors and that the transfer was fraudulent and void at law. Having unsuccessfully presented an appeal to the Supreme Court from the judgment of the Circuit Court, appellant was left in the position of having, by a writ of replevin, taken from the sheriff partnership assets which the sheriff had levied upon to satisfy judgments against Zacharias. Such action could not be maintained. Appellant has thus been compelled to apply to a court of equity to prevent his interests in the assets being used for the satisfaction of claims against Zacharias only.

His bill under the stipulated facts is really not for an accounting. There is no pretense that Zacharias has anything to account for. It is conceded that long prior to the filing of the present bill of sale as well as by actual delivery, Zacharias transferred all the assets to appellant. This bill of sale and transfer was fraudulent and void as to the creditors of Zacharias, but good against him personally. Under the stipulated facts the bill of appellant became in effect a tender by him to the sheriff for the benefit of the judgment creditors of the entire interest which Zacharias had in the partnership assets levied upon.

It is conceded by the stipulation that appellant took the entire assets of the firm, sold them for the sum of $2,800, Zacharias, at the instance of the purchaser, joining in the bill of sale to such purchaser; that appellant, having received such $2,800, paid off a chattel mortgage thereon amounting to $850, which mortgage existed prior to the making of the bill of sale to appellant, and paid off all the partnership

debts, thus discharging claims against the partnership assets
superior to the claims thereon of the personal creditors of
Zacharias; and that the net proceeds, the result of such sale
and such payment, left in the hands of appellant the sum
of $1,383.

The validity and good faith of such sale and such pay-
ments by Weber, as well as that the net result thereof was
the remaining in his hands of $1,383, is not contested. Had
appellant been better advised, and instead of, under an action
of replevin, taking the property levied upon away from the
sheriff, let it be sold by him, the result would have been
that whosoever had purchased the partnership assets
would have acquired only the right, title and interest
therein theretofore possessed by Zacharias; and if such party
or parties had failed to come to an understanding with
appellant it would have been necessary that equitable pro-
ceedings be had, either at the instance of appellant or upon
application of the purchaser or purchasers of such assets, for
a distribution of the same or the proceeds thereof, in accord-
ance with the right and title of appellant and that of such
purchaser or purchasers.

The sheriff, by a levy made under the executions against
Zacharias, could not, by execution sale, acquire exclusive
ownership and right of possession to said assets or any part
thereof. Weber v. Hertz, 188 Ill. 68–71.

Appellees insist that by section 7 of the stipulation it
appears that not only did Weber, November 27, 1891, sell
the entire partnership assets for $2,800, but upon the same
day paid the mortgage, rent and other partnership debts.
We do not think that it appears from the stipulation that
such payment took place upon the day on which the money
was delivered to appellant.

We are not prepared to hold that in this state the statute
of limitations runs against a right by one partner to sue
another for an accounting before the partnership affairs
have been entirely closed. As to this, see Askew v. Springer,
111 Ill. 662; Todd v. Administrators of Phillip Rafferty
Estate, 30 N. J. Eq. 254; Storm v. Cumberland, 18 Grant's
Chancery Reports, 245; McClung v. Capehart, 24 Minn. 17;

Coudrey v. Gilliam, 60 Mo. 86; Bates on Partnership, sections 949–950.

By the stipulation it appears that November 27, 1891, appellant had in his hands the sum of $1,383, as the proceeds of the sale of the partnership assets of Weber and Zacharias. One-half of this sum, they being equal partners, should have been paid to the sheriff to apply upon the executions against Zacharias, under which a levy had been made upon the partnership assets, such one-half not being equal to the amount of such executions. While, as before stated, it does not appear that the payments out of the $2,800 received by appellant were made November 27, 1891, nor at what time the last of such payments was made. Nevertheless, however great the time before the last of such payments was made and the business of the firm of Weber & Zacharias thus finally closed, appellant must have had in his hands, since November 27, 1891, $1,383, one-half of which, as before stated, belonged and still belongs to said execution creditors of Zacharias. Appellant has come into a court of equity to obtain relief against a judgment obtained upon a bond which he filed in the action of replevin. Having come into a court of equity, he must do equity. It is not equitable that he should keep in his hands money belonging to the execution creditors of Zacharias without paying interest thereon.

The decree of the Circuit Court will be reversed and the cause remanded, with directions to enter a decree against appellant for one-half the said sum of $1,383, together with interest thereon at five per cent per annum from November 27, 1891, and also for the sum of $30.90 costs taxed against appellant in the Supreme, Appellate and Circuit Courts under the judgment entered against him in the Circuit Court upon the suit on the replevin bond given by him; and that upon the payment by appellant of such sums to the sheriff of this county for the use of the plaintiffs in the said executions against the said Zacharias, the judgment entered November 30, 1898, in the Circuit Court against appellant, August Lenzen and Martin Boch for $3,000 debt and $1,383 damages be set aside and discharged.