## GERLACH BANK OF WOODWARD v. HERD.

No. 7408.—Opinion Filed June 27, 1916.

Rehearing Denied September 12, 1916.

(159 Pac. 901.)

**Chattel Mortgages—Possession of Property—Actions.**

In an action in replevin involving right to possession of "one light brown or bay mare mule 5 or 6 years old, weight about 800 pounds, and one brown mare mule 5 or 6 years old, weight about 800 pounds," the plaintiff basing its right under a chattel mortgage wherein the property was described as follows: "25 head of mules, described as follows: '5 head of work mules, ranging up to 10 years old, 18 head of mules one year old and over, and 2 mule colts, season of 1911'"—and the defendant denying that the mules in controversy were covered by the mortgage, held, that it was not error for the trial court to submit to the jury, as a question of fact under all the evidence, whether or not the mules involved in the action were among those described in the mortgage.

(Syllabus by Galbraith, C.)

Error from District Court, Woodward County; Jas. B. Cullison, Judge.

Action by the Gerlach Bank of Woodward against D. C. Herd. There was a judgment for defendant, and plaintiff brings error. Affirmed.

Chas. Swindall, for plaintiff in error.

W. A. Briggs and Chas. L. Moore, for defendant in error.

Opinion by GALBRAITH, C. Plaintiff in error commenced this action in the trial court to recover the possession of two mules; its claim being based upon a chattel mortgage. The mules were taken from the possession of the defendant, D. C. Herd, by a writ of replevin. The mortgage of the bank was originally given the 2d day of May, 1911, by one George W. Carr and wife, to secure an indebtedness of $5,500, and the description of the property which it is claimed included the mules involved in this suit was as follows: "25 head of mules, described as follows: 5 head of work mules ranging up to 10 years, 18 head of mules one year old and over, and 2 mule colts, season 1911." It was alleged in the petition that the mules in controversy, described as "one light brown or bay mare mule five or six years old, weight about 800 pounds, and one brown bay mare mule five or six years old, weight 800 pounds," were included in the mortgage, and that the mortgage and note which it secured had been renewed on five subsequent occasions, and that the indebtedness secured by the mortgage had not been paid, and that there had been a breach in the conditions of the mortgage, in this, that the mules involved in the action had been sold and taken from the possession of the mortgagor without the consent of the mortgagee, and that demand had been made for their return. The defendant answered by a general denial.

The evidence showed that one George W. Carr, joined by his wife, residents of Ellis county, Oklahoma, executed a mortgage to the Gerlach Bank in May, 1911, covering a number of horses and mules and other personal property, located in Ellis county, and that the mortgage was renewed sundry different times, the last being October 13, 1913, and the indebtedness secured by the mortgage was extended for 8 months from that date; that the mules in controversy in this action were purchased by Carr prior to the time of the execution of the mortgage on May 2, 1911, and that he sold the mules to one Roberts in March, 1911, taking a note for the purchase price, and delivered the note to the Gerlach Bank as a credit on his mortgage indebtedness; that Roberts sold these mules to one Daggett, who in turn traded them to Carr, the mortgagee, in July, 1911, exchanging therefor a pair of mares covered by the bank's mortgage; that after having the mules in his possession for two weeks Carr then sold them to Wayne Loudermilk, who kept them for some 18 months, and used them in the community where these parties resided, when he sold them to Herd, the defendant in error.

The cause was tried to the court and a jury, and a verdict returned for the defendant. From the judgment rendered upon this verdict, the plaintiff has appealed to this court.

Errors are assigned in overruling the motion for a new trial; that the verdict is not sustained by sufficient evidence; that the verdict is contrary to law; and that the court erred in certain instructions to the jury.

There is no controversy in this case about Carr executing the original mortgage and its several renewals to the bank, and that the indebtedness secured by the mortgage had not been paid, and that this mortgage had been regularly filed for record in Ellis county, where the property was located. But there is sharp conflict in the testimony as to whether or not the mules involved in this suit were included in the property described in the mortgage, and as to whether or not Carr, the mortgagor, owned the mules at the time of the execution of the mortgage in May, 1911, and at the time of its renewal in October, 1913. These disputed matters were all questions of fact for the jury to determine. It is clear that, if the mules in controversy were not included in the property mortgaged by Carr to the bank, or that Carr did not own the mules at the time of the execution of the mortgage in May, 1911, or at the time of its renewal in October, 1913, then the bank did not have the right to the possession of the mules at the commencement of the action. The jury found by its verdict that the bank did not have the right to the possession of the mules. This finding is supported by the evidence, and is therefore conclusive on this appeal.

The instructions complained of in the brief as No. 4 and No. 6 are as follows:

"Instruction No. 4. You are further instructed that the description in a chattel mortgage should be so explicit as to enable third persons, aided by inquiry, which the instrument itself suggests, to identify the property covered thereby, and that said description should be so specific as to give notice of prior lien to such third persons and sufficiently specific to put a reasonably prudent man upon inquiry. A description of personal property mortgaged which describes

the property enough to lead to its identification is sufficient."

(Given. Excepted to by plaintiff at the time.)

Instruction No. 6, above referred to, is as follows:

"You are further instructed that the description in a chattel mortgage, to be good, should not only contain a specific description of the property intended to be mortgaged, but should contain either some hint which would direct the attention of those reading it to some source of information beyond the words of the parties in it or something which will enable third persons to identify the property aided by inquiries which the mortgage indicates and directs, or else it should contain such a specific description as will distinguish the property from other similar articles."

The criticism made of these instructions is that by them the court submitted to the jury a question of law, as a question of fact, i. e., the sufficiency of the description in the mortgage to include the mules involved in this action. When considered with the other instructions given by the court to the jury, as they must be, these instrucions are not properly subject to this criticism.

In instruction No. 1 the court told the jury that the bank had obtained possession of the mules from Herd under a writ of replevin, and in order for it to prevail in this action it must establish by a preponderance of the evidence that they were the same mules which were originally mortgaged by George W. Carr to the bank, and which mortgage was kept alive by the several renewals up to the time of the commencement of the action, and that on this issue it was the duty of the bank to prove these facts by a preponderance of the evidence, and if it did not do so their verdict should be for the defendant. And in instruction No. 2 the court defines what it means by "a preponderance of the evidence."

In instruction No. 5 the court directs the jury as follows:

"The court further instructs the jury that the description in a chattel mortgage is conclusive as to what it is; that outside evidence is only admissible to apply the description to the proper articles; that the mortgage itself is the only competent evidence of the contract between he mortgagor and the mortgagee, and it shows what particular property is covered by it."

Instructions 4 and 6 were evidently given to enable the jury to pass upon the controverted fact as to whether or not the mules involved in this action were included in the description of the mortgaged property set out in the mortgage, upon which the bank relied, under all the evidence. This was a question of fact to be determined by the jury upon all the evidence. The jury by the verdict found either that these mules were not included in the description, or that Carr did not own them at the time of executing the mortgage May 2, 1911, or at the time of its renewal in October, 1913.

There is evidence to support this finding, and, no prejudicial error of law appearing, the judgment appealed from should be affirmed.

By the Court: It is so ordered.