**HILLERY et al. v. WAURIKA NAT. BANK.**

No. 12825—Opinion Filed March 11, 1924.

Rehearing Denied June 17, 1924.

1. **Chattel Mortgages—Description of Property—Sufficiency.**

It is not essential that the property covered by a chattel mortgage be so specifically described that it may be identified by the mortgage alone. Such description is sufficient if it suggests inquiries or means of identification which if pursued will disclose the property conveyed.

**2. Same—Conversion of Property—Mortgagee's Measure of Damages.**

Where mortgaged personal property is converted, the measure of the mortgagee's damages is the amount of the mortgage lien remaining undischarged, not exceeding the value of the property.

**3. Appeal and Error—Harmless Error—Instruction on Measure of Damages for Conversion of Mortgaged Property.**

In an action by a chattel mortgagee for conversion of the mortgaged property, where the verdict was for less than the debt secured, it was harmless error to charge that, if the jury found for plaintiff they might assess the damages "at the value of the property at the time of the conversion."

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Jefferson County: Cham Jones, Judge.

Action brought by Waurika National Bank against R. H. Hillery and R. H. Hillery Hardware Company, for conversion. Judgment for plaintiff, and defendants have appealed to this court. Affirmed.

H. B. Lockett, for plaintiffs in error.

Green & Pruet, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendants as they were designated in the trial court.

On the 11th day of April, 1918, one T. F. Young mortgaged to the plaintiff an automobile described as "1 1918 Model Ford Car, new," and other chattels, as security for the payment of a promissory note for $680 of that date, due October 14, 1918, and bearing interest at the rate of ten per cent. per annum. This mortgage was filed in the office of the county clerk of Jefferson county on the 16th day of April, 1918. Afterward Young traded this car to the defendants and the plaintiff brought suit for conversion. There was judgment for the plaintiff and the defendants have appealed and assign as error: First, that the court erred in submitting to the jury the question as to whether or not the car in controversy was the one mortgaged to the plaintiff. And, second, that the court erred in instructing the jury that in the event they found for the plaintiff their verdict should be for the value of the car at the time of the conversion. Upon the first contention, as we view it, there was ample evidence tending to show that the car in question was the identical car mentioned in the mortgage. The evidence shows that this car was purchased new by Young early in 1918; that it was the only car of like description owned by the said Young at the time he executed the mortgage to the plaintiff. The only discrepancy in the evidence was that the car in question was manufactured in 1917, while the car described in the mortgage was "1 1918 Model Ford Car, new," but the proof was that all cars manufactured after August, 1917, were known and described as 1918 models. It appears that the mortgagor was a resident of Jefferson county, and the mortgage provided that the car should not be removed from Jefferson county. When read in the light of the evidence, the mortgage was sufficient to impart notice to the defendants:

"As against third persons the description in the mortgage must point out its subject-matter so that such persons may identify the chattels covered, but it is not essential that the description be so specific that the property may be identified by it alone; if such description suggest inquiries or means of identification which, if pursued, will disclose the property conveyed. This rule is based on the maxim, That is certain, which is capable of being made certain. So a description is sufficient if it may be aided by parol proof and the property covered by the mortgage identified." 11 C. J. 457.

Gerlach Bank of Woodward v. Herd, 60 Okla. 186, 159 Pac. 901; Watts v. First National Bank of El Reno, 8 Okla. 645, 58 Pac. 782; Stiles et al. v. City State Bank, 56 Okla. 572, 156 Pac. 622.

We agree with the defendants' counsel, that the measure of damage for the conversion of mortgaged property is the amount of the mortgage lien remaining undischarged, not exceeding the value of the property, and that it was error to give the instruction complained of. But in this particular case the error was harmless, for the reason that the indebtedness secured by the mortgage was far in excess of the value of the property. The original indebtedness was $680, and only $60 had been paid. The value of the car, as fixed by the verdict, was $375, and the defendant was in no way injured by this instruction. Mantonya v. Martin Emerick Outfitting Co. (Ill.) 49 N. E. 721.

We find no error in the record prejudicial to the defendant, and, therefore, recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.