## CARSON v. CROSSMAN.

No. 11854—Opinion Filed April 29, 1924.

**1. Pleading—Sufficiency of Petition — Objection to Introduction of Evidence.**

An objection to the introduction of evidence on the ground that the petition does not state a cause of action is equivalent to a demurrer to the petition.

**2. Same.**

Where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence thereunder, such objection should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law.

**3. Partnership—Action by Partner for Accounting—Limitations.**

The statute of limitation does not begin to run against a right by one partner to sue another for an accounting until the partnership affairs have been entirely closed.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County: Owen Owen, Judge.

Action by Usher Carson against Homer S. Crossman. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

C. H. Rosenstein, D. F. Gore, and W. L. Kimmel, for plaintiff in error.

Chas. Richardson, for defendant in error.

Opinion by JONES, C. This action was originally instituted in the district court of Tulsa county, on the 25th day of April, 1919, by the plaintiff in error, as plaintiff, against defendant in error, as defendant, for a dissolution and an accounting of the property and profits derived from a certain copartnership relation existing between the said plaintiff in error and defendant in error, same being a partnership formed for the purpose of buying and selling real estate.

The petition sets forth the contract, the basis of the original partnership agreement, and alleges that same still exists, and prays for an accounting, for a division of the profits received by the partnership, and a division of the land yet owned by the partnership.

The defendant in his answer files a general denial and further answering, says: that the cause of action in said petition set up accrued to said plaintiff more than five years before the commencement of this action.

The petition and copy of the contract thereto attached, shows that the partnership agreement was entered into in 1910, and that, in fact, some of the land was sold and the profits received more than five years prior to the institution of this suit.

On the trial of the cause, the trial court sustained an objection to the introduction of any evidence on the theory that the pleadings show on its face that the cause of

action was barred by the statute of limitation. From which order and judgment of the court the plaintiff in error duly appeals, and various errors are assigned; but all are directed at the error complained of by reason of sustaining the objection to the introduction of evidence.

The issues involved seem to have been clearly settled by the decisions of this court heretofore. In the case of Wey et al. v. City Bank et al., 29 Okla. 313, 116 Pac. 943, in passing upon the effect of an objection to the introduction of evidence, the court says:

"An objection to the introduction of evidence on the ground that the petition does not state a cause of action is equivalent to a demurrer to the petition"

—and cites the case of Shults v. Jones, 3 Okla. 504, 41 Pac. 400, and numerous other Oklahoma authorities in support of that rule.

The petition, in our judgment, clearly stated a cause of action and was in no wise subject to the attack made, viz., that the statute of limitation had run, in the face of the fact that the petition alleged that the partnership still existed, and it is a well settled rule that the statute of limitation does not begin to run against the right of one partner to sue the other for an accounting until the partnership affairs have been entirely closed and the petition in this case, instead of showing that the partnership affairs between plaintiff and defendant had been closed for such length of time that plaintiff's cause of action was barred, on the other hand affirmatively disclosed that the partnership affairs were still unfinished at the time of the institution of the suit, which in fact is a suit for accounting and dissolution. In the case of Frank J. Webber v. Albert Zacharias et al., 105 Ill. App. 640, the court held:

"The statute of limitation does not begin to run against a right by one partner to sue another for an accounting until the partnership affairs have been entirely closed."

In fact no action at law can be brought by one partner against the other until there has been an accounting and dissolution of the partnership affairs. We think this rule is established in the case of Cobb v. Martin et al., 32 Okla. 588, 123 Pac. 422. The case of Dill v. Flesher, 73 Oklahoma, 175 Pac. 359, follows the same rule. In fact, we know of no authorities to the contrary.

A final accounting or dissolution of the partnership may not be necessary in every instance in order to start the statute of limitation running against certain specific transactions that might arise between partners and be definitely closed, but so far as the petition in this case is concerned, there is nothing to indicate that any final settlement had ever been had between the partners as to any of the transactions which took place between them at any time. We think beyond question the court was in error in sustaining the objection to the introduction of evidence offered in proof of the allegations contained in plaintiff's petition and in holding that the statute of limitation was applicable to the facts as pleaded.

We, therefore, recommend that the case be reversed and remanded for a new trial.

By the Court: It is so ordered.