Note.—See under (1) 29 Cyc. pp. 1587, 1588; 20 R. C. L. p. 601; 3 R. C. L. Supp. p. 1087; 4 R. C. L. Supp. p. 1368. (2) 29 Cyc. pp. 1596, 1597; 20 R. C. L. p. 602; 4 R. C. L. Supp. p. 595. (3) 29 Cyc. p. 1594; 20 R. C. L. p. 595. (4) 29 Cyc. p. 1595.

---

**GEORGE W. BROWN & SONS STATE BANK v. POLEN et al.**

No. 17309. Opinion Filed April 10, 1928.

Rehearing Denied Sept. 11, 1928.

(Syllabus.)

**1. Trover and Conversion—Definition of Conversion.**

Conversion is any distinct act of dominion

wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein. McClintock v. Parish, 72 Okla. 260, 180 Pac. 689.

**2. Chattel Mortgages—Unauthorized Sale of Property by Mortgagor—Liability to Mortgagee for Conversion.**

An absolute sale, to the exclusion of the rights of a mortgagee, by a mortgagor, who, under the terms of the mortgage, remains in the possession of the mortgaged chattels, works a conversion thereof, for which the mortgagee may maintain an action for conversion.

**3. Trover and Conversion—Liability of Participants in Act or Beneficiaries**

Every person who participates in an act of conversion, or who knowingly benefits by its proceeds in whole or in part, is liable to the owner in an action for conversion.

**4. Same—Failure of Petition to Allege Right to Possession of Property—Cure of Defect by Trial Amendment.**

In an action for conversion, where the petition contains allegations of facts which, if true, would entitle the plaintiff to the possession of the property, but fails to state that plaintiff was entitled to the possession, such petition is defective only, and it is within the discretion of the court to allow an amendment at the trial so as to cure such defect.

Commissioners' Opinion, Division No. 2.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by the George W. Brown & Sons State Bank against C. R. Polen and J. I. Cromwell. Judgment for plaintiff against defendant Polen and in favor of Cromwell. Plaintiff appeals, and defendant Polen files cross-petition in error. Affirmed in part, and reversed and remanded in part.

Twyford & Smith, for plaintiff in error.

P. J. Carey, for defendant in error J. I. Cromwell.

DIFFENDAFFER, C. Plaintiff in error filed its action, consisting of two causes. The first cause of action is based substantially upon the following allegations: That on or about the 3rd day of December, 1922, defendant C. R. Polen executed and delivered to plaintiff a note in the sum of $7,537, together with a chattel mortgage to secure said note covering a certain string of drilling tools, then located in Trego county, Kan.; that shortly after the execution of said note and mortgage, defendants Polen and Cromwell entered into a general partnership for the drilling of oil wells in Oklahoma; that it was the object and purpose of the partnership to secure the tools upon which plaintiff held its mortgage, and remove the same from Kansas to Oklahoma; that in order to so do, it was necessary to obtain the consent of plaintiff; that it was agreed between the defendants that Polen should proceed to the office of plaintiff at Augusta, Kan., and advise plaintiff of the formation of such partnership, which had been organized under the name and style of "Wellen Drilling Syndicate"; that upon the representations of Polen as to the existence of said partnership, and that defendant Cromwell was a man of considerable wealth, and that the partnership had a profitable arrangement made for the drilling of a well in Oklahoma, and that the partnership would assume said indebtedness and pay plaintiff's note, thereby the consent of the plaintiff was obtained for the removal of said mortgaged property to Oklahoma, and that by reason of the representations so made, defendants became jointly and severally liable to said plaintiff for said indebtedness, and prayed judgment against the defendants for the amount thereof.

The second cause of action of plaintiff is one in conversion, and plaintiff pleaded that while said mortgage was in full force and effect, and after the tools had been delivered to said defendants and removed to Oklahoma, said defendants Polen and Cromwell, under and by virtue of a bill of sale, conveyed and transferred and delivered the mortgaged property to P. J. Carey and Mabel Y. Cromwell; that said sale was made by said defendants acting severally and jointly, while said mortgage remained in full force and unsatisfied, and without the consent of plaintiff and in derogation of the rights and ownership of plaintiff in and to said property. A copy of the chattel mortgage was attached to and made a part of the petition, which chattel mortgage, among other provisions, contained the following clause:

"Or in case of a sale, disposal or mortgage, or attempt to sell, dispose of, or mortgage the above described property, * * * then and thereupon, it should be lawful for said parties of the second part (mortgagee) to take possession of, remove, and dispose of the same," etc.

Defendant Polen filed his separate answer, consisting of an unverified general denial. Defendant Cromwell filed a general and separate demurrer to each of the counts contained in the petition of plaintiff. The demurrers were overruled, and thereafter defendant Cromwell filed his answer, consisting of: First, a general denial; and, second, that prior to the bringing of this action, plaintiff had filed its petition in the district court of Seminole county in re-

plevin for the property covered by the mortgage. Defendants further alleged that the replevin action was between the same parties and involved the same subject-matter that is involved in the instant case; and that the issues had been determined in said replevin action, and that plaintiff is barred from bringing this action. The answer of Cromwell was duly verified.

Plaintiff for reply to the answer of Cromwell pleaded: First, a general denial to the allegations of the answer, and further alleged that, in said replevin action, the plaintiff was adjudged to be entitled to the property subject to certain liens in favor of certain lien claimants; that all of the liens were created by Cromwell and Polen, without any knowledge on the part of plaintiff, and that such liens were created against said property by defendants combining and confederating themselves for the purpose of beating, cheating and defrauding the plaintiff; that said liens were foreclosed against said property, and the same was sold to satisfy the liens thus created, and that by reason thereof plaintiff was deprived of the benefits of its mortgage.

The case was tried to a jury, and after the introduction of plaintiff's evidence, a demurrer was filed by the defendants to plaintiff's evidence as to each cause of action. The demurrer was sustained as to the defendant J. I. Cromwell, and overruled as to the defendant Polen, and judgment rendered for defendant Cromwell and in favor of plaintiff as against Polen for the amount prayed for in the petition. And from the judgment in favor of Cromwell, plaintiff brings this appeal.

Defendant Polen filed a cross-petition in error, but has filed no briefs in the case, and has apparently abandoned his cross-petition in error, and same will not here be considered.

The assignments of error are: That the court erred in sustaining the demurrer of defendant Cromwell to the evidence as to the first cause of action, and a like assignment as to the second cause of action. As to the first assignment, we have examined the evidence, and are of the opinion that the trial court did not err in sustaining the demurrer thereto.

As to the second cause of action, we feel compelled to hold that the court committed error in sustaining the demurrer to plaintiff's evidence.

Briefly, the evidence tends to show that on about the 20th day of December, 1922, defendants Polen and Cromwell entered into an greement whereby Polen was to secure the permission of plaintiff to remove the tools from Kansas to Oklahoma; and that Polen and Cromwell were thereafter to carry on a partnership business and use the tools in drilling certain oli wells on leases owned by Cromwell; and that the name and the style of the firm in carrying on the drilling operations was to be the Wellen Drilling Syndicate; and that no other persons were interested in said business except Polen and Cromwell; that Cromwell then entered into a contract with the partnership, which at that time consisted only of Polen and Cromwell, for the drilling of a certain well on a lease owned by Cromwell, for which he, Cromwell, was to pay the partnership a certain price per foot and $80 per day for underreaming, etc.; that Polen took a copy of this contract with him to Augusta, Kan., and used it in procuring the consent of plaintiff for the removal of the mortgaged property to Oklahoma. The evidence further discloses that Cromwell furnished Polen the sum of $500 for expenses in the removal of the mortgaged property, and this $500 was to be credited upon the contract for drilling the well. The evidence further discloses that after the mortgaged property was removed to Oklahoma, and, on about the 31st day of January, 1923, the defendants executed what was termed a "declaration of trust," whereby what is called a "statutory trust" was formed, and Mabel Y. Cromwell and P. J. Carey were named as trustees, and by which it is provided that negotiable certificates representing beneficial interests or shares in and to the trust estate, so created, to the amount of $5,000 each, should be issued to the defendants, and then this trust agreement was filed in Muskogee county, the county of the residence of defendant J. I. Cromwell, March 26, 1923. There is evidence tending to show that all the property of the trust estate at the time of its organization was the property removed to Oklahoma. There is evidence tending to show that, about the time of the formation of the trust estate, defendants Cromwell and Polen sold and transferred to this trust estate all the mortgaged property, and placed the same in the exclusive control and management of the trustees of said trust estate, without any reservation or mention of the plaintiff's interest therein, as mortgagee. The evidence further tends to show that the trustees took charge and possession of said property, and treated the same as the property of said trust estate. There is some evidence that the transfer of property from Cromwell and Polen to this trust estate was evidenced by a bill of sale. The bill of sale was not introduced in evidence, but the declaration of trust was in

evidence, and by the terms of said declaration, it is provided that the subscribers, that is, Polen and Cromwell—

"Hereby do transfer, assign, and deliver to the trustees of the Wellen Drilling Syndicate certain property, as shown in schedule A., attached hereto."

There is some evidence tending to show that the property thus transferred was the property removed from Kansas and used by defendants in the drilling operations up to the time of the formation of the trust. In Mayo v. Thede, 73 Okla. 181, 175 Pac. 348, it is said:

"Conversion is any distinct act of dominion wrongfully asserted over another's personal property in denial of the owner's right or inconsistent therewith."

In McClintock v. Parish, 72 Okla. 260, 180 Pac. 689, it is said:

"Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein."

In Ilfeld v. Ziegler (Colo.) 91 Pac. 825, it is said:

"An absolute sale, to the exclusion of the rights of a mortgagee, by a mortgagor, who, under the terms of the mortgage, remains in possession of the chattels, works a conversion thereof, for which the mortgagee may maintain trover without demand."

In 38 Cyc. 2054, it is said:

"Every person is liable in trover who personally or by agent commits an act of conversion, or who participated by instigating, aiding, or assisting another, or who benefits by its proceeds in whole or in part."

In 26 R. C. L. 1136, it is said:

"So. also, where the mortgagee is given the right to take possession upon the removal or sale of the property, its removal or sale constitutes a conversion for which the mortgagee may bring trover."

In 11 Corpus Juris, 624, the rule is:

"* * * If the mortgagor, instead of disposing of his own interest merely, assumes to sell the entire property as his own, in derogation of the mortgage, he is guilty of a wrongful conversion for which trover by the mortgagee will lie, nowithstanding the mortgage provides that the mortgagor may retain possession until default."

There is evidence tending to show that defendant Cromwell knew of the existence of the mortgage; that he participated in the sale and transfer of the mortgaged property, and received therefor a certificate of shares in the trust to the amount of $5,000. We think that there was sufficient evidence to take the case to the jury on the second cause of action. It is contended, however, by defendant in error, that there is no evidence of the identity of the property, that is, to show that the property transferred to the trust estate was the identical property upon which plaintiff held the mortgage.

Polen was a witness, and identified the property as being the same; defendant Cromwell pleaded the judgment in the district court of Seminole county, whereby it was adjudged that plaintiff had a lien on the property therein described, and the property described in the judgment is substantially the same as described in plaintiff's mortgage.

We think there was sufficient evidence to take this question to the jury.

Defendant Cromwell, however, contends that plaintiff's petition as filed did not state a cause of action in conversion, and that the trial court erred in permitting plaintiff to amend the petition in the second cause of action thereon, after the close of the evidence. The contention made is that the petition of plaintiff was fatally defective, in that it failed to state that plaintiff was entitled to the immediate possession of the mortgaged property, and that, therefore, it wholly failed to state a cause of action, and that the trial court was without authority to allow the amendment at the time of the trial for the reason that the statute of limitation had run against plaintiff's cause of action, if any he had. With this contention, we cannot agree. In Clark v. Farmers State Bank, 48 Okla. 592, 149 Pac. 1189, where a like defect in the petition was under consideration, this court said:

"The omission of the allegation complained of makes the petition merely defective, and in no sense can be said to be jurisdictional."

It was said in that case that the petition contained all the necessary allegations for pleadings, a good cause of action for conversion, except it failed to state the plaintiff was entitled to the possession of the property converted The same is true with the petition under consideration here; and we think the omission rendered the petition merely defective, and that it was within the discretion of the court to allow the amendment.

For the reasons pointed out, the judgment should be affirmed as to defendant Polen, and reversed and remanded for a new trial as to defendant Cromwell.

BENNETT, HERR, JEFFREY, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 2005; 26 R. C. L. p. 1098; 4 R. C. L. Supp. p. 1697; 5 R. C. L. Supp. p. 1440; 6 R. C. L. Supp. p. 1584. (2) 11 C. J. p. 624, §338; 5 R. C. L. 446; 4 R. C. L. Supp. p. 328. (3) 38 Cyc. p. 2055; 26 R. C. L. p. 1138. (4) 38 Cyc. p. 2074.