## WILSON & CO. v. RUSSELL.

No. 19293. Opinion Filed March 18, 1930.

Rehearing Denied Sept. 9, 1930.

Commissioners' Opinion, Division No. 2.

A. Gray Gilmer and Frank Petree, for plaintiff in error.

Whiteside & Snodgrass, for defendant in error.

EAGLETON, C. L. W. Russell, as plaintiff below, brought this action against Wilson & Company, defendant below, for the sum of $214.20 and costs for conversion of approximately 50 turkeys on which the plaintiff had a mortgage, which mortgage was duly filed. He alleged that the defendant took the turkeys from the mortgagors, slaughtered and shipped them to some eastern market. The defendant filed a general denial. On trial the plaintiff prevailed; the defendant appeals.

The parties will be referred to as they appeared in the court below.

The defendant relies, in its brief, first, on error of the court committed in failing to sustain motion to quash by it filed, for the reason that the return day of the summons was on a Sunday, and the defendant was thus given but 19 days from return day within which to answer, which is a less time than is by statute allowed a defendant to answer. The contention is not well founded, as was determined in Harn v. Missouri State Life Ins. Co., 70 Okla. 120, 173 Pac. 214:

"A summons that is issued and made returnable on a Sunday or a legal holiday, and is otherwise regular, in no way limits the time of the defendant in which to plead by reason of the fact 'such act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed.' In such case the summons is still returnable on the day stated, but the effect of the statute is to give to a return made upon the next business day the same validity as if made upon the day designated for its return."

In oral argument the defendant was represented, the plaintiff was not.

The defendant then objects and endeavors to predicate error upon the failure of the court to sustain its objection to the introduction of evidence, asserting that the petition

did not state facts sufficient to constitute a cause of action against it. The sufficiency of the petition was not raised by demurrer. Neither was it raised other than by objection to the introduction of evidence. The proper way to raise a question of sufficiency of pleading is by demurrer. The court looks with small favor upon an objection to the introduction of evidence on the ground of the insufficiency of the pleading where the question has not been raised by demurrer. Taylor v. Starr, 109 Okla. 135, 234 Pac. 756, states the rule in this jurisdiction:

"Where the sufficiency of a petition is challenged solely by an objection to the introduction of evidence thereunder, such objection, not being favored by the courts, should generally be overruled, unless there is a total failure to allege some matters essential to the relief sought, and should seldom, if ever, be sustained when the allegations are simply incomplete, indefinite, or conclusions of law."

The petition in this cause alleged that the plaintiff took chattel mortgage on the turkeys, which he claimed the defendant converted, as well as other property and other turkeys; that the mortgage was duly filed in the office of the county clerk; that the mortgage was not satisfied; that the defendant wrongfully took possession of approximately 50 of said turkeys described in said mortgage and slaughtered the same and shipped them to some Eastern market; and that they were of the market value of $214.20; the petition further alleged that there was yet due and unpaid on the obligation that this mortgage was given to secure more than the sum asked.

Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein. McClintock v. Parrish, 72 Okla. 260, 180 Pac. 689; George W. Brown & Sons State Bank v. Polen, 132 Okla. 121, 270 Pac. 9. It was also determined in the Brown Case, supra:

"An absolute sale, to the exclusion of the rights of a mortgagee, by a mortgagor, who, under the terms of the mortgage, remains in the possession of the mortgaged chattels, works a conversion thereof, for which the mortgagee may maintain an action for conversion.

"Every person who participates in an act of conversion, or who knowingly benefits by its proceeds in whole or in part, is liable to the owner in an action for conversion."

The plaintiff's petition alleged sufficiently to withstand an objection to the introduction of evidence, its special ownership in the chattels, its right of possession thereof, and that same had been converted by the defendant, and the value of the converted turkeys. No essential averment for a cause of action in conversion is absent. Cosden Pipe Line Co. v. Berry, 87 Okla. 237, 210 Pac. 141; Carson v. Crossman, 99 Okla. 71, 225 Pac. 947, and Taylor v. Starr, 109 Okla. 135, 234 Pac. 756.

The next question raised by defendant is that the identity of the turkeys as described in the mortgage is so indefinite as to fail to identify the turkeys bought and used by it as those mortgaged to the plaintiff. The mortgage describes the turkeys as "80 turkeys" and located them on a certain farm.

Where a mortgage itself suggests inquiries which would lead to the identification of the property without difficulty, it is sufficient to charge with knowledge a third party. Watts v. First Nat. Bank of El Reno, 8 Okla. 645, 58 Pac. 782.

As was said in First Nat. Bank of Mexico v. Ragsdale, 158 Mo. 668, 59 S. W. 987, 81 Am. St. Rep. 332:

"It is objected that the description of the property in the mortgage is not sufficient. The description is 'one hundred and twenty head of feeding cattle now on feed in Audrain county, Missouri.' The evidence tends to show that the lot of cattle in suit belonged to Crockett Ragsdale and were at the date of the mortgage on feed in Audrain county. Until he produces some evidence to show that he had another lot of cattle filling that description, and that it was the lot covered by the mortgage and should have been taken under the writ instead of this lot, the description will be held to refer to this lot. He cannot be heard to say that the description is so vague as to be meaningless, as long as the evidence shows a lot of cattle to which it may apply, nor can anyone holding possession under his title make a similar objection."

See, also, Watts v. First Nat. Bank, 8 Okla. 645, 58 Pac. 782; Stiles v. City State Bank, 56 Okla. 572, 156 Pac. 622; Gerlach Bank of Woodward v. Herd, 60 Okla. 186, 159 Pac. 901; Hillery v. Waurika Nat. Bk., 100 Okla. 34, 226 Pac. 1051; Kenyon v. Tramel, 71 Iowa, 693; Corbin v. Kincaid, 33 Kan. 649; Wiley v. Shars, 21 Neb. 712; Avery v. Popper, 92 Tex. 337, 71 Am. St. Rep. 849; Oxshier v. Watt, 91 Tex. 124, 66 Am. St. Rep. 863.

Under the evidence introduced in this cause it is clear that one could and should have located and identified these turkeys as being the turkeys mortgaged to the plaintiff.

Where the evidence reasonably supports a verdict of the jury as to the identity of

mortgaged chattels, this court will not disturb the finding of the jury on this point. Watts v. First Nat. Bank of El Reno, supra.

Defendant's fourth proposition is that the plaintiff did not prove the value of the converted turkeys. The record shows that there was evidence introduced that the manager of Wilson & Company stated that he had bought approximately 50 turkeys from Allie Pillow, one of the mortgagors, and paid $214.20 therefor. The jury apparently believed this evidence to be true, and that the turkeys by it bought had been identified as those mortgaged, and returned its verdict in favor of plaintiff therefor.

Defendant's fifth and last proposition is that its demurrer to plaintiff's evidence should have been sustained. The evidence reasonably tends to sustain the verdict of the jury.

"Where there is competent evidence introduced at the trial reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling upon law questions presented during the trial, the verdict and findings of the jury is conclusive upon appeal to the Supreme Court." Taylor v. Starr, 109 Okla. 135, 234 Pac. 756.

The evidence being sufficient to support the verdict of the jury, no error was committed in overruling defendant's demurrer to plaintiff's evidence. No reversible error appearing, the cause is affirmed.

HALL, FOSTER, LEACH, and REID, Commissioners, concur. DIFFENDAFFER, HERR, and TEEHEE, Commissioners, dissent. BENNETT, Commissioner, disqualified and not sitting.

By the Court: It is so ordered.