**SHEFTS SUPPLY, Inc., et al. v. FISCHER.**

No. 24047.    March 5, 1935.

John F. Conway, Frank Field, and Samuel A. Boorstin, for plaintiffs in error.

Hunt & Eagleton, for defendant in error.

PER CURIAM. Shefts Supply, Inc., a corporation, purchased a lot of second hand pipe located at Keystone, Okla., from the Continental Oil Company, and thereafter entered into an oral agreement with Abe Fischer under the terms of which he became the owner of a half interest in said pipe. It was agreed between the parties

that either of them, or their representatives should sell the pipe to such persons and in such quantities as their respective judgments deemed proper, and should account to the other for one-half of the net profits from such pipe as sold. Each of the parties thereafter sold several lots from the joint stock of pipe, and collected therefor, and accounted to the other satisfactorily.

Thereafter Fischer's agent shipped a quantity of the pipe to Dupo, Ill., over the Missouri Pacific Railroad Company's lines, to the order of Abe Fischer. When said car of pipe reached destination no one appeared with bill of lading to take charge of it, and the railroad company thereupon notified the shipper that it would be forced to unload and store the pipe. Receiving no instructions, the railroad unloaded the pipe on its right of way. Thereafter a part of the pipe was delivered to a third party, upon surrender of the bill of lading and proper instructions to the railroad, the consideration for the delivery of such part of the pipe being the payment of freight and demurrage charges.

Thereafter the secretary and treasurer of Shefts Supply, Inc., called at the offices of the railroad company in St. Louis, demanded possession of the remainder of the pipe stored on the railroad right of way, and insisted that Shefts Supply, Inc., was the sole owner of the pipe, that Abe Fischer had no interest therein, and that the same had been shipped from Keystone, Okla., without the consent of Shefts Supply, Inc. The railroad company was advised by letter from the shipper that Shefts Supply, Inc., was entitled to one-half of the pipe held by the railroad, and that one-half of the pipe could be delivered to Shefts Supply, Inc., but that the other one-half of said pipe should be held for Abe Fischer. Upon the representations made to the railroad company by the secretary and treasurer of Shefts Supply, Inc., and upon Shefts Supply, Inc., giving to the railroad company a satisfactory bond indemnifying it against any liability in connection therewith, the railroad company delivered all of the pipe to Shefts Supply, Inc., and it sold all of said pipe, but refused to account to Abe Fischer for his half thereof. Fischer brought this action against Shefts Supply, Inc., for a conversion of his one-half of said pipe. In making demand upon Shefts Supply, Inc., and in filing suit for the payment of the value of his part of said pipe, Fischer admitted an indebtedness due by him of $75. The record does not show the nature of this debt due to defendant.

At the time of the shipment of the pipe from Keystone, Okla., a small quantity of the pipe purchased from the Continental Oil Company remained at Keystone, but was shortly thereafter divided equally between Shefts Supply, Inc., and Abe Fischer.

A party in Texas who purchased a part of the pipe from Abe Fischer claimed that a small portion thereof was worthless and refused to receive the same or pay therefor. On the trial, Fischer admitted the claim of the Texas party and disclaimed any interest in this small quantity of pipe, in favor of Shefts Supply, Inc.

At the time of the trial Shefts Supply, Inc., and Abe Fischer owed no debts in connection with the joint ownership or the handling of the pipe, and the only controversy between them in connection with the purchase and disposition of this quantity of pipe from the Continental Oil Company was as to the right of Abe Fischer in and to one-half of the pipe obtained by Shefts Supply, Inc., from the railroad company.

The case was tried to the court upon the theory that Shefts Supply, Inc., and Abe Fischer were joint adventurers in the purchase, handling, and resale of the pipe. Many of the facts were agreed to by stipulation filed before trial, and after the evidence was completed the parties agreed that the issue was one principally of law. There is no material conflict in the evidence as to the pertinent facts. Judgment was entered for the plaintiff against Shefts Supply, Inc., and against the Missouri Pacific Railroad Company.

Plaintiffs in error seek a reversal of the judgment and base their contentions upon the following propositions: (1) Where two co-adventurers own personal property, a sale made in good faith by one cannot amount to a conversion as against the other. (2) That before judgment can be rendered in favor of one co-adventurer against the other, in conversion, it must appear that the adventure was terminated prior to the alleged conversion. (3) That in an action in conversion it is error for the trial court to render a judgment in accounting.

The railroad company has not filed a separate brief and makes no claims different from those of Shefts Supply, Inc.

The first contention of plaintiffs in error is not applicable to the facts in this case, because the evidence clearly shows that Shefts Supply, Inc., did not sell the pipe received from the railroad company as the property of plaintiff and defendant. The

undisputed evidence is that the defendant, through its secretary and treasurer, claimed sole ownership of said pipe and demanded possession thereof from the railroad company, to the exclusion of any interest that Fischer might have had therein.

Conversion is the wrongful exercise of ownership or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner, and may be effected by taking actual corporal possession and control over the property of another, so as to prevent the owner from the exercise of such rights. It is any distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with, his rights therein. First Nat. Bank v. Melton & Holmes, 156 Okla. 63, 9 P. (2d) 703; Wilson & Co. v. Russell, 144 Okla. 284, 290 P. 1106; George W. Brown & Sons State Bank v. Polen, 132 Okla. 121, 270 P. 9.

The undisputed evidence in the cause is that all other property involved in the joint adventure had been disposed of and the proceeds amicably distributed prior to the trial of the cause, except a small quantity of pipe in Texas which a purchaser from Fischer had refused. Fischer admitted, in substance, that this small quantity of pipe in Texas was worthless, and disclaimed any interest therein, in favor of Shefts Supply, Inc. There were no unpaid bills due and owing by the joint adventurers in connection with their business transactions. It therefore appears that the joint adventure was terminated as to all matters other than the matter in litigation here.

The joint adventure had been completed. There were no debts. The casing in controversy was the only remaining asset. Under the facts as disclosed by the record, an action in conversion would lie therefor. Smith et ux. v. Felkel, 91 Okla. 184, 217 P. 196; Lavery v. Gardener, 116 Okla. 63, 243 P. 216; Smith v. Burt, 150 Okla. 34, 300 P. 748; Frith v. Thompson (Kan.) 173 P. 915; Wilson v. Brown (Cal.) 273 P. 847.

The railroad company did not receive the carload of pipe from Shefts Supply, Inc. It was shipped to the order of Fischer. The railroad was instructed by the shipper to deliver only one-half of the amount of pipe on hand at the date of delivery, to Shefts Supply, Inc. Contrary to those instructions, it delivered all of the pipe, after taking a bond to protect itself by reason of said delivery. The railroad company has made no defense herein different from that made by Shefts. Where it participated in the conversion by Shefts, it is liable. George W. Brown & Sons State Bank v. Polen, 132 Okla. 121, 270 P. 9; Hunt v. Rowton, 143 Okla. 181, 288 P. 342.

In a law action tried before the court without a jury, the findings and judgment of the court have the same force and effect as the verdict of a jury, and the same will not be disturbed by the appellate court, where there is any competent evidence reasonably supporting such findings and judgment. Southland Refining Co. v. Jackson, 149 Okla. 286, 1 P. (2d) 410; Gates Oil Co. v. Prairie Oil & Gas Co., 159 Okla. 288, 15 P. (2d) 56. The evidence in this cause fully sustains the findings and judgment of the trial court. The judgment is affirmed.

Defendant in error has filed his motion for judgment on supersedeas bonds. It appears from the record that H. B. Shefts, Blanche Shefts, Harry Robbin, and E. J. Lambert, as sureties, executed a supersedeas bond on behalf of Shefts Supply, Inc., and that the Aetna Casualty & Surety Company, of Hartford, Conn., as surety, executed a supersedeas bond on behalf of the Missouri Pacific Railroad Company.

It is therefore ordered and adjudged that Abe Fischer do have and recover of and from H. B. Shefts, Blanche Shefts, Harry Robbin, E. J. Lambert, and Aetna Casualty & Surety Company, of Hartford, Conn., sureties on the supersedeas bonds of plaintiffs in error, the sum of $442.11, with interest thereon at the rate of 6 per cent. per annum from the 28th day of April, 1930, until fully paid, together with all costs. For all of which let execution issue.

The Supreme Court acknowledges the aid of Attorneys Charles A. Moon, O. H. Graves, and C. P. Gotwals in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Charles A. Moon and approved by Mr. O. H. Graves and Mr. C. P. Gotwals, the cause was assigned to a Justice of this court for examination and report to this court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.