NEECE *v.* GUERIN.

4-8027

198 S. W. 2d 161

Opinion delivered December 16, 1946.

*Roy Mullen* and *S. L. Richardson,* for appellant.

*Vernon J. King,* for appellee.

HOLT, J. This is an action in replevin.

February 16, 1945, C. W. Guerin, a resident of Lawrence county, Arkansas, borrowed $240 from the First National Bank of Lawrence County, and executed his note therefor, with M. V. Neece and O. W. Davis, appellants, as his sureties thereon. As security for the payment of the note, Guerin executed a chattel mortgage on

an automobile and ten acres of cotton. This mortgage was filed by the bank with the Clerk and Recorder of Lawrence county on February 21, 1945. The note became due on November 1, 1945, was paid by appellants, the sureties, and the note and mortgage were properly assigned by the bank to them.

Shortly before the note became due, Guerin sold the automobile described in the mortgage to appellee, Mack Holder, who in turn sold it to appellee, Rue Agee, both of whom resided in Randolph county. Appellants located the car in the possession of Agee, demanded possession, which was refused, whereupon this suit was filed.

Appellees defended on two principal grounds, (1) that the description of the automobile in the mortgage, *supra*, was insufficient to put a third party on notice, and (2) that appellants gave their consent to Guerin to sell the mortgaged car.

Upon a trial, and at the conclusion of the testimony, the court on appellees' motion declared, as a matter of law, that the description of the automobile set out in the mortgage was insufficient to put appellees, third parties, on notice, took the case from the jury, and directed a verdict in favor of appellees.

This appeal followed.

We think the trial court erred.

On the record presented, it is our view that the description of the automobile, when considered in the light of the evidence, was sufficient to put third parties on inquiry,—therefore a jury question was made.

The mortgage provided that the mortgagor, Guerin, "sold and conveyed . . . the following described property, situated in the Eastern District of Lawrence county, Arkansas, to-wit: One 1936 Model 2-Door Chevrolet Sedan and 10 acres of cotton to be grown during the spring and summer of 1945 on the Dr. Hatcher farm 5 miles north of Walnut Ridge, Arkansas. . . . To have and to hold the same unto the party of the second

part. . . . In case any default shall be made in the payment of said indebtedness as herein set forth, **or** should the party of the first part (C. W. Guerin) **prior** to the said maturity hereof, sell . . . remove . . . the property herein conveyed, . . . without the consent of the party of the second part (bank), then, **in** either event the party of the second **part** . . . **is** authorized and empowered to take charge of said property on demand," etc.

On the record presented, the well established **general** rule appears to be as stated by this court in *Blankenship* v. *Modglin,* 177 Ark. 388, 6 S. W. 2d 531, where this court said: "This court has laid down the rule that a mortgage of personal property is sufficient as to description if it be such that a disinterested person, aided only by such inquiry as the instrument itself suggests, is able to identify the property. *Johnson* v. *Grissard,* 51 Ark. 410, **11** S. W. 585, 3 L. R. A. 795."

C. J. S., vol. 14, "Chattel Mortgages," § 57, p. 665, (subdivision 3), d., announces the rule as follows: "A description of a motor vehicle is sufficient if a third person aided by such inquiries as the mortgage suggests **can** identify the vehicle intended. A misdesignation of the motor or serial number is fatal. While a motor vehicle should be described in a mortgage by giving as fully **as** possible the details furnishing the means of identification, a description is generally held to be sufficient if it will enable a third person, aided by such inquiries as the instrument itself indicates and suggests, to identify the vehicle intended to be mortgaged. Thus an automobile has been held to be sufficiently described, for the purposes of an action to enforce a lien or as against purchasers and third persons, when it is designated . . . by make, model, and age," etc.

The description of the automobile as "one 1936 Model 2-Door Chevrolet Sedan," shows that the car was approximately nine years old when the mortgage was executed, and was a 1936 model. In addition to this description, we think the mortgage itself contained provi-

sions which a jury might have found sufficient to enable appellees, had they made inquiry, to identify the automobile as the one described.

The mortgagor, Guerin, was a resident of Lawrence county, and there was no evidence that he owned more than one car.

The mortgage provided that he should not "sell, or remove" the automobile from Lawrence county without the consent of the mortgagee, bank.

We think a jury might have found that this was sufficient to suggest to a third party that inquiry might disclose that the mortgagor, Guerin, retained possession of the automobile.

While the exact point at issue here appears not to have been passed upon by this court, we think the case of *Harkey* v. *Jones*, 54 Ark. 158, 15 S. W. 192, lends support to our views in this case. There, the property described in the mortgage was "a brindle cow about three years old and her increase." The mortgagor in that case owned two brindle cows. There this court said: "The description in the mortgage, though general, was sufficient to put a party intending to purchase it on inquiry, and the appellee purchasing from the mortgagor was bound to ascertain whether the property he bought was the same covered by the mortgage. *Johnson* v. *Grissard*, 51 Ark. 410, 11 S. W. 585, 3 L. R. A. 795."

In support of the general rule announced in C. J. S., *supra*, there is cited in support of the text the case of *Hillery et al.* v. *Waurika Nat. Bank*, 100 Okla. 34, 226 Pac. 1051. In that case, it appears that a man by the name of Young mortgaged to the bank an automobile described as "one 1918 model Ford car, new," along with other chattels, as security for the payment of a note. The mortgage was duly filed in the office of the County Clerk of Jefferson county, where the mortgagor resided. Thereafter, Young sold the car to Hillery, a third party. The bank "brought suit for a conversion," and there was a judgment in its favor. It was alleged on appeal "that the

court erred in submitting to the jury the question as to whether or not the car in controversy was the one mortgaged to the plaintiff (bank)." The court said: "As we view it, there was ample evidence tending to show that the car in question was the identical car mentioned in the mortgage. The evidence shows that this car was purchased new by Young early in 1918; that it was the only car of like description owned by the said Young at the time he executed the mortgage to the plaintiff. . . . The car described in the mortgage was 'one 1918 model Ford Car, new,' . . . It appears that the mortgagor was a resident of Jefferson county, and the mortgage provided that the car should not be removed from Jefferson county. When read in the light of the evidence, the mortgage was sufficient to impart notice to the defendants. 'As against third persons the description in the mortgage must point out its subject-matter so that such persons may identify the chattels covered, but it is not essential that the description be so specific that the property may be identified by it alone, if such description suggest inquiries or means of identification which, if pursued, will disclose the property conveyed.' . . . 11 C. J. 457.''

We think the principles of law announced in this case are sound and apply with equal force here. Accordingly, for the error indicated, the judgment is reversed and the cause remanded for a new trial.